A. W. GEORGE, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 12844.

United States District Court
S. D. Texas,
Houston Division.

March 11, 1960.

Ansel M. Kahn, Houston, Tex., for plaintiff.

William B. Butler, U. S. Atty., and John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

The case is before the court upon plaintiff's motion to remand to state court and defendant's motion to dismiss. Plaintiff landowner, a resident of Harris County, brought suit to quiet title to land, against which defendant asserts a judgment lien, in the District Court of Harris County, Texas, 152nd Judicial District, on September 24, 1959. The action was filed within the jurisdiction of the District Court covering suits for the trial of title to land under Article 1906, Revised Civil Statutes of the State of Texas, and pursuant to the waiver of sovereign immunity of the United States in such suits to quiet title provided by Title 28 U.S.C.A. § 2410. Defendant removed the action to this court on October 7, 1959, pursuant to Title 28 U.S.C.A. § 1444.

Plaintiff contends that the action was properly brought in state court under Article 1906, Revised Civil Statutes of

the State of Texas, which vests the District Court with original jurisdiction in civil cases of "4. Suits for trial of title to land and for the enforcement of liens," and against defendant alone by virtue of Section 2410, Title 28 U.S.C.A. He maintains that the action should be remanded to the state court, because this court should not have exercised original jurisdiction over such an action to quiet title at the time of removal. He urges that the better practice for a court, when faced with motions to remand and to dismiss, would be to rule first on the motion to remand and, if remanded, to send the motion to dismiss back to the state court.

Defendant contends that it invoked the jurisdiction of this court under Section 1444 by removing the case, that it has an absolute right of removal under said section, and that, upon removal, it has the right to urge the question of lack of jurisdiction in the action in this or any other court. It claims that one of the cardinal reasons for removing cases in which the United States is a defendant is to permit the interests of the government to be tried in a federal forum, the absence of jurisdictional amounts and diversity of citizenship notwithstanding.

The parties are agreed that Title 28 U.S.C.A., § 2410, only waives the sovereign immunity of the United States in certain civil actions and will not support an independent suit against the United States in federal court where no other grounds for federal jurisdiction exist. Tompkins v. United States, D.C. S.D.Tex.1959, 172 F.Supp. 204, and First Nat. Bank of Brownsville, Texas v. United States, D.C.S.D.Tex.1959, 172 F.Supp. 757. It is agreed that there are no other grounds for original jurisdiction of this court over an action to quiet title against the United States. Section 2410 (a) reads as follows:

"(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

Coupled with the jurisdictional grant to the state court contained in Article 1906 though, this section would permit a suit to quiet title to be brought in the state court, since it allows the United States to be named a party "in any civil action or suit * * * in any State court having jurisdiction of the subject matter." Furthermore, it would be proper to sue the United States alone in state court. Coson v. United States, D.C. S.D.Cal.1958, 169 F.Supp. 671.

The waiver of sovereign immunity, however, is expressly conditioned by Section 1444 under which defendant removed the action to this court. Section 1444 states:

"Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."

Defendant contends that it has an absolute right of removal under Section 1444 in "any" action brought under Section 2410 in "any" state court, though the federal court would not have original jurisdiction of the action, and that it may then seek dismissal of the action for lack of jurisdiction in the federal court. Plaintiff maintains that an action may not be removed, even under Section 1444, unless the federal court would have original jurisdiction of the action.

The court must seek to reconcile these sections insofar as possible to effect the legislative purpose of each. It is clear that Congress intended that litigants generally should have the right to bring suit against the United States in state courts having jurisdiction of the subject matter under Section 2410. On the other hand, it is apparent that Congress intended such actions to be tried insofar

as possible in the federal courts at the option of the United States under Section 1444. If defendant's motion to dismiss is granted, plaintiff's right of action in any forum will be denied, since he does not have an independent ground for jurisdiction in federal court. If plaintiff's motion to remand is granted, defendant would not be permitted any greater right to remove than would be allowed generally under Title 28 U.S.C.A. § 1441, since original jurisdiction in federal court would be required for removal.

This problem would not arise if the jurisdiction of the federal courts over the United States as a defendant were as broad as the waiver of its sovereign immunity in suits to quiet title. If Section 1346 included a provision for suits to quiet title against the United States, no difficulty would arise if such an action were originally brought in federal court or removed thereto from state court. Since there is no such statute vesting jurisdiction in the federal courts, the right to bring an action to quiet title against the United States, when it is removed to federal court, must rest upon other jurisdictional grounds, such as diversity of citizenship between other parties or a cross action or counterclaim by the United States to foreclose the challenged lien, which would be an action commenced by the United States within the terms of Section 1345. None of these other elements, sufficient to support jurisdiction in federal court, are present in the case at bar. The court has only two alternatives: to remand or to dismiss the action.

■ The court believes that plaintiff's motion to remand should be granted; therefore, defendant's motion to dismiss will not be ruled upon. The only justifiable result is to permit the action to proceed to trial in the state court. The court holds, therefore, that an action may not be removed, even under Section 1444, unless the federal court could have original jurisdiction of the action. Cases generally holding that the test for determining removability of an action is whether the federal court could have ex-

ercised original jurisdiction at the time of removal are Connolly v. First Nat. Bank-Detroit, 6 Cir., 1936, 86 F.2d 683, certiorari denied 1937, 301 U.S. 692, 57 S.Ct. 795, 81 L.Ed. 1348; Lorraine Motors, Inc. v. Aetna Casualty & Surety Co., D.C.E.D.N.Y.1958, 166 F.Supp. 319; Abernathy v. Consolidated Cab Co., D.C. Kan.1959, 169 F.Supp. 831; State of Georgia v. Southern Ry. Co., D.C.N.D. Ga.1918, 255 F. 369; and In re Bear River Drainage District, 10 Cir., 1959, 267 F.2d 849.

The cases cited by defendant to support its motion to dismiss are distinguishable from the case at bar. Tompkins v. United States and First Nat. Bank of Brownsville, Texas v. United States, cited by defendant as prior decisions of this court contrary to the rulings in the case at bar, both involved actions commenced in federal court, rather than suits removed from state court. They have no bearing on the case at bar because no court, state or federal, had gained jurisdiction over such actions.

The Tompkins case was a suit to quiet title in which jurisdiction of the federal court was claimed under Section 2410 alone. The court rightly held that Section 2410 was not a grant of jurisdiction. Though the defendant's motion to dismiss was granted, the plaintiff was permitted to amend and bring in other parties through whom diversity could be claimed.

The First Nat. Bank of Brownsville case was an interpleader action by a national banking association, held to be a citizen of Texas, against two Texas corporations and the United States. The United States sought to intervene and raise the jurisdictional question. The court denied the motion to intervene and granted the motion to dismiss, holding that there was no jurisdiction under either the interpleader act or the general diversity statute because the only citizens involved in the case were citizens of Texas. It denied that jurisdiction existed by virtue of Section 1340 of 28 U.S.C.A. or Section 2410, citing its prior ruling in the Tompkins case that Sec-

tion 2410 presupposed jurisdiction in a court having jurisdiction of the subject matter and did not confer independent jurisdiction. Its dismissal of the action was without prejudice to the right of the United States to file an independent action, if it so desired, or plaintiff's right to file an appropriate action in the state court from which it might be removed to the court by the United States under Section 1444.

In the Tompkins and First Nat. Bank of Brownsville cases there was no question of remanding the action to a state court having previous jurisdiction; rather, the cases had been commenced in federal court. To avoid dismissal of the actions the court permitted amendment for joinder of additional parties to create diversity of citizenship in Tompkins and dismissed without prejudice to permit the United States to bring an independent action or to allow plaintiffs to bring an action in the state court which might be removed. Thus the court was not faced with the present situation in which a litigant entitled to an action in state court will be denied any forum by removal. In fact, in the First Nat. Bank of Brownsville case, it may have anticipated that an action commenced in state court would not be subject to dismissal upon removal to federal court.

Cited by defendant for the proposition that removal of an action pursuant to Section 1444 is not tantamount to a consent of the government to be sued nor a waiver of its objection to the jurisdiction of the court, Herter v. Helmsley-Spear, Inc., D.C.S.D.N.Y.1957, 149 F.Supp. 713, is also distinguishable from the case at bar. Though that case commenced in state court and was removed to federal court, it was dismissed for failure to state a claim under the state or federal interpleader acts. The paragraph quoted did not seem necessary to the decision of the case. Furthermore, the defendant's motion for leave to intervene as a plaintiff under Rule 24(b) F.R.Civ.P., 28 U.S.C.A. was granted. By permitting this intervention, the court relieved the plaintiff of the risks flowing from compliance with a judgment not binding on both claimants to the fund in its hands.

Cited as a general discussion of Sections 2410 and 1444, Hood v. United States, 9 Cir., 1958, 256 F.2d 522, is also distinguishable from the case at bar. In that case plaintiffs brought suit to quiet title to former Indian lands in state court. The cause was removed to federal court by defendant where a counterclaim for foreclosure of the lien against plaintiffs was filed. No lien involved met the jurisdictional amount, though the court below foreclosed them against plaintiffs' lands.

Met by the jurisdictional question, the Court of Appeals for the Ninth Circuit noted in the Hood case that such an action could not be brought in federal court by virtue of its decision in Wells v. Long, 9 Cir., 1947, 162 F.2d 842, and stated, "If it now be held that this cause must be dismissed on jurisdictional grounds, the enactment will be for all practical purposes meaningless," [256 F.2d 525] presumably referring to the waiver statute, Section 2410. The eyes of the court were fixed upon the policy underlying Section 1444 that the interests of the United States be tried in federal fora, rather than upon the right of a litigant to have an action against the United States in state court as provided by Section 2410.

If the right of removal were denied, the Ninth Circuit foresaw that the United States would be forced to foreclose liens of less than the jurisdictional amount in state court, unless an independent suit were first filed in federal court. Such a result, of course, is plainly contemplated by the clause of Section 2410 waiving immunity "in any civil action or suit * * * in any State court having jurisdiction of the subject matter." This result would not occur, however, because the United States in the Hood case had affirmatively sought to foreclose the liens by counterclaims and thus had established conclusively its interest in federal court. The Hood case can be distinguished from the case at bar both upon the philosophy of the court and by the filing of the counterclaims by

which the United States invoked the jurisdiction of the court.

Cited by defendant, Vincent v. P. R. Matthews Co., D.C.N.D.N.Y.1954, 126 F.Supp. 102, 105, is also distinguishable from the case at bar. The case involved a mechanic's lien foreclosure action, removed by the United States to federal court. As in the Hood case, the United States was seeking to foreclose liens. In Conclusion No. 1 the court found that it had full jurisdiction over the subject matter of the action and over all of the parties to it.

Regarding the remaining cases cited by defendant, the court finds that they were originally brought in federal court and did not involve the question of removal from state court.

Plaintiff's motion to remand will be granted. The clerk will notify counsel to draft and submit appropriate order.