Lawrence I. KASDON

v.

G. W. ZIERDEN LANDSCAPING, INC., et al.

PRINCE GEORGE'S COUNTY, MARYLAND, etc.

v.

POTOMAC IRON WORKS, INC., etc., et al.

Civ. Nos. K–80–149, HM–80–1062.

United States District Court, D. Maryland.

April 2, 1981.

Y. Hillel Abrams, Silver Spring, Md., for plaintiff in Civ. No. K–80–149.

Garland C. Tanks and S. Martin Teel, Jr., Trial Attys., U. S. Dept. of Justice, Washington, D. C., for defendant, United States.

Carl A. Harris, Deputy County Atty., and Michael P. DeGeorge and Michael H. Bereston, Associate County Attys., Upper Marlboro, Md., for Prince George's County, Maryland, defendant in Civ. No. K–80–149 and plaintiff in Civ. No. HM–80–1062.

FRANK A. KAUFMAN and HERBERT F. MURRAY, District Judges.

In each of these two cases, the plaintiff therein purchased certain real property located in Prince George's County, Maryland (the County), at a tax sale held by the County on May 8, 1978. Thereafter, each plaintiff instituted an equity action in the Circuit Court for Prince George's County, naming as defendants all persons shown by

the applicable records of the County to have any interest in the land in question and seeking foreclosure of such interests, if any, and such rights of redemption, if any, which defendants may have, pursuant to Md.Ann. Code Art. 81, § 70 *et seq.* One of the defendants in each of the two state court actions is the United States. The latter removed both of those actions to this Court, pursuant to 28 U.S.C. § 1441(a) and/or § 1444. Subsequently, in both removal cases, each plaintiff has filed a motion to remand.

Title 28 U.S.C. § 1444 provides that "[a]ny action brought under section 2410 of this title against the United States or in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." Section 2410(a) provides, in part:

> Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
>
> (1) to quiet title to,
>
> (2) to foreclose a mortgage or other lien upon,
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> real or personal property on which the United States has or claims a mortgage or other lien.

Section 2410(a) thereby constitutes, to the extent of its coverage, a waiver of governmental immunity of the United States. The United States contends that section 2410(a)(1) is not applicable herein because no quiet title quest is involved and that section 2410(a)(2) is not applicable because no judicial sale is involved.[1] However, the United States also asserts that whether any part of section 2410(a) is or is not applicable poses an issue which the United States has a right to remove to this Court for decision,

---

1. *See* 28 U.S.C. § 2410(c) which seemingly requires a judicial sale in order for § 2410(a)(2) to become applicable.

under 28 U.S.C. § 1444. Plaintiffs do not agree, arguing that such removal by the United States is not permitted where, as plaintiffs claim is true in these cases, original jurisdiction does not exist under 28 U.S.C. § 1340.

The two leading treatises in the field of federal jurisdiction unequivocally reject the reasoning underlying the motions to remand, and cite an impressive body of case law to support the Government's position. Thus, Professors Wright and Miller write:

> * * * Unlike the practice under Section 1441, the general removal statute, removal under Section 1444 does not depend on a showing that the action could have been brought originally in a federal court. As a result, even if the state suit includes parties who could not have been joined in an original federal action, the United States may remove the entire suit. It has been held that the waiver of sovereign immunity by the United States contained in Section 2410 is conditioned on the ability of the government to remove under Section 1444 and that because the waiver is conditional, a suit removed under the latter section may not be remanded without the consent of the federal government.

Wright, Miller & Cooper, 14 Federal Practice and Procedure § 3729 at 705–06 (footnotes omitted).

The Moore treatise comments:

> * * * In relevant part, 28 USC § 2410 provides, in effect, that where the United States has or claims a mortgage or other lien on real or personal property which is subject to an action or suit to quiet title, to foreclose a mortgage or other lien upon, to partition, to condemn, or of interpleader or in the nature of interpleader with respect to the property, the United States may be named a party to the action or suit in any state court having jurisdiction of the subject matter.
>
> For purposes of removal, § 1444 must be read in conjunction with § 2410; their intertwined roots go back to the Act of March 4, 1931. Because § 2410 has been held to be only a waiver of sovereign immunity and not in itself a grant of original federal jurisdiction, the exercise of removal jurisdiction should be predicated upon § 1444. Although it is arguable that any suit against the United States involves a federal question and hence subject to removal under the general removal statute (§ 1441), this problem, when such suit is based upon § 2410, should be academic. The government's right to remove under § 1444 is broader than the right, if any, to remove under § 1441.

The removal statute itself, § 1444, expressly grants the United States the substantive right of removal and confers jurisdiction over such proceeding upon the federal district court. And the Ninth Circuit in *Hood v. United States* [256 F.2d 522, 525 (9th Cir. 1958)] so held. The well reasoned opinion observed:

> No lien claimed upon any of the several parcels amounted to $3,000. A similar case had originally been commenced by certain landowners in the federal District Court, but was later dismissed by our opinion in *Wells v. Long*, 9 Cir., 162 F.2d 842. Thereupon, the instant suit was commenced in the state court and was removed by the government pursuant to 28 USC § 1444. If it now be held that this cause must be dismissed on jurisdictional grounds, the enactment [of § 1444] will be for all practical purposes meaningless.

A contrary view of § 1444 was, however, taken by a district court in *George v. United States* [181 F.Supp. 522, 544 (S.D.Tex.1960)], which stated: "The court holds, therefore, that an action may not be removed, even under Section 1444, unless the federal court could have original jurisdiction of the action."

The Ninth Circuit view is clearly correct. Section 1444 expressly grants removal jurisdiction to federal courts of suits brought in state courts against the United States under § 2410. That Congress has chosen to make statutory removal jurisdiction broader than Congress

has chosen to make statutory original jurisdiction is of no proper concern to the judiciary as long as the grant of removal jurisdiction is within the constitutional powers of Congress. And there is no question that Congress has the constitutional power under Article III *to confer* removal jurisdiction upon the federal courts of any suit to which the United States is a party.

Perhaps much difficulty and faulty reasoning can be avoided by simply not confusing the *substantive* right to remove conferred by § 1444 with that conferred by § 1441. The right to remove under § 1444, unlike removal under § 1441, is not in any way keyed to original jurisdiction. Nor is it necessary for the United States to be a "plaintiff's defendant" in order to remove. Moreover, where the state court action involves other defendants whom the plaintiff could not sue originally in the federal court, the entire proceedings can be removed by the United States. This broader grant of removal jurisdiction is constitutional for the reason that the United States is a party, and for its protection, and in the interest of a complete determination of the litigation Congress may provide for removal of not only the controversy that affects the United States but also the other defendants even though they could not be sued alone in the federal court. And courts have held that, as the United States' waiver of immunity is conditional on its right to remove, a removed suit should not be remanded over the United States' objection. But where the district court does remand, such order is nevertheless nonreviewable.

1A Moore, Federal Practice ¶ 0.166 (footnotes omitted; emphasis in original).

Neither the Supreme Court of the United States nor the Fourth Circuit has dealt with the issue. In *City of Miami Beach v. Smith*, 551 F.2d 1370, 1373–74 n.5 (5th Cir. 1977), the Fifth Circuit explicitly stated its agreement with Professor Moore and implicitly its disagreement with the *George* view. In so doing, Judge Gee wrote:

The United States was properly a defendant under 28 U.S.C. § 2410 (1970); removal was therefore proper under 28 U.S.C. § 1444 (1970). We note some controversy concerning whether § 1444 independently confers federal removal jurisdiction in cases in which the federal district court would not have had original jurisdiction of the cause. *See, e. g., George v. United States*, 181 F.Supp. 522, 524 (S.D.Tex.1960); 1A Moore's Federal Practice ¶ 0.166 at 360–64 (2d ed. 1974). We find ourselves in agreement with Professor Moore, *id.* at 361, that § 1444 confers a *substantive* right to remove, independent of any other jurisdictional limitations. This outcome has apparently been assumed, although not faced headon, in prior decisions of this circuit involving removal under § 1444. *See General Electric Credit Corp. v. Grubbs*, 447 F.2d 286 (5th Cir. 1971), *rev'd on other grounds*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); *Connecticut Mutual Life Ins. Co. v. Carter*, 446 F.2d 136, 138 n.3 (5th Cir.), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 98 (1971).

*See also E. C. Robinson Lumber Co. v. Hughes*, 355 F.Supp. 1363, 1368 (E.D.Mo. 1972), in which Judge Webster, then a District Judge, disagreed "with the result reached in *George v. United States* * * *."

In *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972), cited in the above-quoted footnote from *City of Miami Beach v. Smith*, the United States was interpleaded as a crossdefendant by the original defendant named by plaintiff. The Fifth Circuit seemingly proceeded on the basis that if the United States had been properly interpleaded, the United States would have had the right under section 1444 to remove the entire case to the appropriate federal district court, even though the United States had not been named originally as a defendant by the plaintiff. However, the Fifth Circuit concluded in *Grubbs*, as Mr. Justice Rehnquist stated on review, that removal under section 1444 was improper because the joinder of the United States as a third party was "spurious" (405 U.S. at 702, 92

S.Ct. at 1347), and that since "the only conceivable basis" (*id.* at 702) for removal was provided by section 1444, the case had been improperly removed from the state court. On review the Supreme Court held that (at 702, 92 S.Ct. at 1347) "where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." Concluding that original diversity jurisdiction was present under 28 U.S.C. § 1332, the Supreme Court reversed.

Herein, while it may be that plaintiffs were not required by the Md.Ann.Code Art. 81, § 70 *et seq.* specifically to name the United States as a defendant in these cases, plaintiffs seemingly had a right so to do, and the United States apparently had a right, in any event, to step forward to assert its interest. Whether the United States may prevail either (a) because section 2410(a) is not applicable and the United States is immune from these suits or (b) if immunity has been waived by the United States, on the merits, does not affect the right of the United States to remove these cases to this Court for determination in this forum of those issues. The United States is not a spurious party to these proceedings. Accordingly, the removal jurisdiction of this Court under section 1444 is present. The possibility of alternate removal jurisdiction existing under section 1441 or otherwise therefore need not be considered in these cases.[2]

Accordingly, plaintiffs' motions to remand in these two cases will each be denied and further schedules will be established in separate orders in these cases.[3]

**2.** There is authority that original jurisdiction is present under a combination of 28 U.S.C. §§ 1340 and 2410(a). *See United States v. Coson,* 286 F.2d 453 (9th Cir. 1961); *Anno.* 5 L.Ed.2d 867–87. *See also* the discussion in the Moore treatise quoted *supra* in the body of this opinion.

**3.** If this Court subsequently determines that neither section 2410(a)(1) nor (a)(2) is applicable and that the United States has not consent-

ed to be sued herein, and has not waived its sovereign immunity, then a remand to the Circuit Court for Prince George's County may be appropriate. *See Borough of Kenilworth v. Corwine,* 96 F.Supp. 68 (D.N.J.1951). *See also State of Minnesota v. United States,* 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939); *Herter v. Helmsley-Spear, Inc.,* 149 F.Supp. 713 (S.D.N.Y.1957).