Gold TRUONG, a minor, By his next friend, Tu TRUONG, Tu Truong, and Le Muynh, Plaintiffs,

v.

GRAND TRUNK WESTERN RAILROAD COMPANY, INC., Defendant,

Elbert L. Hatchett, Hatchett, DeWalt & Hatchett and United States of America for and on behalf of the Internal Revenue Service, Parties to be added.

No. 95-70057.

United States District Court, E.D. Michigan, Southern Division.

July 18, 1995.

Robert A. Crawford, for plaintiff.

Marcellus Long, Martin Fried, Thomas Jones, for defendant.

**ORDER VACATING APRIL 14, 1995 OR- DER DUE TO CLERICAL ERROR; AMENDED MEMORANDUM OPIN- ION AND ORDER DENYING HATCHETT, DEWALT & HATCHETT'S MOTION TO RE- MAND**

EDMUNDS, District Judge.

On April 14, 1995, the Court entered a memorandum opinion and order denying Hatchett, DeWalt & Hatchett's motion to remand. Due to clerical error, that order is hereby vacated and the following is hereby entered as the amended opinion of the Court:

This matter has come before the Court on Hatchett, DeWalt & Hatchett's Motion to Remand to state court.

## I. Background

Plaintiff Gold Truong, a minor, by and through his next best friend, filed a personal injury action against the Grand Trunk West- ern Railroad in Oakland County Circuit Court. *Truong v. Grand Trunk Western Railroad,* Case No. 87–329347–NO, Oakland County Circuit Court. Plaintiffs retained Robert Crawford as their principal attorney. Mr. Crawford then retained the law firm of Hatchett, DeWalt & Hatchett ("the Law Firm") to act as co-counsel. The Law Firm in turn employed Elbert Hatchett, who is of counsel to the Law Firm, to assist in the trial. The Law Firm promised to grant Mr. Hatchett 25 percent of its recovery in the case. The Internal Revenue Service subse- quently issued a notice of levy to Grand Trunk and Robert Crawford with respect to any funds held that were owed to Elbert Hatchett or the Law Firm. The IRS is in the midst of a dispute with Mr. Hatchett regarding attempts to seize his property for nonpayment of past due taxes owed by Mr. Hatchett. Plaintiffs and Grand Trunk then entered into a settlement of this case which provided $288,394.79 in attorneys fees to Mr. Crawford and $144,197.39 in attorneys fees to the Law Firm.

Grand Trunk paid the attorneys fees to the court, and the Law Firm filed a Motion for Order Authorizing Clerk of Court to Dis- burse Attorney Fees, requesting that the court disburse 75 percent of the $144,197.39 that Grand Trunk had paid to the court pursuant to the Law Firm's agreement with Mr. Hatchett. Before the court entered an

order, Grand Trunk filed a Petition for Inter- pleader pursuant to Michigan Court Rule 3.603, in which Grand Trunk stated that vari- ous parties have made claims presently in court and that Grand Trunk is unable to determine the respective interests of the claimants to the proceeds. The state court determined that it had subject matter to adjudicate the dispute.

Subsequently, the United States removed the case to this Court under 28 U.S.C. § 1444.

## II. Analysis

The United States, having an interest in Grand Trunk's state court Petition for Inter- pleader, filed a timely Notice of Removal in this Court. 28 U.S.C. § 1444 provides that "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district in which the action is pending." 28 U.S.C. § 2410(a) provides:

Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

(1) to quiet title to,

(2) to foreclose a mortgage or other lien upon,

(3) to partition,

(4) to condemn, or

(5) of interpleader or in the nature of in- terpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien.

"[Section] 2410 waives sovereign immunity and allows the United States to be named a defendant in an interpleader suit with respect to real or personal property on which the United States has or claims a mortgage or other lien, and § 1444 allows the United States to remove the suit to federal court when it is named a defendant in such a suit." *General Electric Credit Corp. v. Grubbs,* 447 F.2d 286, 287–88 (5th Cir.1971), *reversed on other grounds,* 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). Section 1444 confers on the United States a substan- tive right, independent of other jurisdictional limitations, to remove an action originally filed in state court. *City of Miami Beach v.*

*Smith,* 551 F.2d 1370, 1373–74 n. 5 (5th Cir.1977); *Hood v. United States,* 256 F.2d 522, 525 (9th Cir.1958); *Wilkinson v. United States,* 724 F.Supp. 1200, 1202 (W.D.N.C. 1989); *Kasdon v. G.W. Zierden Landscaping, Inc.,* 512 F.Supp. 172, 174–75 (D.Md. 1981); *E.C. Robinson Lumber Co. v. Hughes,* 355 F.Supp. 1363, 1368 (E.D.Mo.1972). Here, Grand Trunk filed an interpleader petition in state court in which the United States had an interest. Therefore, the United States is entitled to remove the interpleader action.

The Law Firm presents two arguments in support of its Motion to Remand. The Law Firm argues that removal is improper because §§ 1444 and 2410 do not create subject matter jurisdiction and this Court has no other jurisdictional basis to entertain this interpleader action. The Law Firm relies on *George v. United States,* 181 F.Supp. 522 (S.D.Tex.1960), where the court held that the United States may not remove an action to federal court under § 1444 unless the federal court could have had original jurisdiction of the matter. No other court has followed *George,* and, as discussed above, every other court that has considered the matter has concluded that § 1444 confers on the United States a substantive right, independent of other jurisdictional limitations, to remove an action originally filed in state court.

■ The Law Firm next argues that the interpleader is not removable because it is merely ancillary to a state court action. In order for § 1444 to apply, the removed proceeding must be an "action." No cases directly discuss the definition of "action" under § 1444, but many cases do discuss the definition of "civil action" under the general removal statute, 28 U.S.C. § 1441(a). The term "civil action" under § 1441 does not embrace proceedings that are merely supplemental, ancillary, or incidental to another action, and such proceedings are not removable to federal court. *Bank v. Turnbull,* 83

U.S. (16 Wall.) 190, 195, 21 L.Ed. 296 (1872); *Federal Savings and Loan Ins. Corp. v. Quinn,* 419 F.2d 1014, 1018 (7th Cir.1969). Only "independent" suits are removable. *Id.* No case addresses a proceeding similar to the one in the present case.[1]

The best analysis of the supplemental versus independent distinction is found in *Randolph v. Employers Mutual Liability Ins. Co. of Wisconsin,* 260 F.2d 461, 464 (8th Cir.1958), *cert. denied,* 359 U.S. 909, 79 S.Ct. 585, 3 L.Ed.2d 573 (1959), and *Graef v. Graef,* 633 F.Supp. 450, 452–53 (E.D.Pa. 1986). The courts there considered the similarity of issues of fact in the underlying case and removed proceeding, the similarity of the parties in the underlying case and removed proceeding, and the alignment of the parties in the underlying case and removed proceeding.

■ Under this analysis, this interpleader proceeding is a proceeding independent of the underlying state court action, and therefore removable. The issue in the underlying proceeding concerned Grand Trunk's liability for Gold Truong's personal injuries. The issue in this proceeding is the amount of attorney fees that should be paid to the Law Firm, Mr. Hatchett, and the IRS. The parties in the underlying action were Gold Truong's representatives and Grand Trunk Western Railroad. The parties in this action are the Law Firm, Mr. Hatchett, and the IRS. The Law Firm and Mr. Hatchett are aligned against the IRS in this proceeding, and Plaintiffs and Grand Trunk, the parties in the underlying proceeding, are not relevant to this proceeding. This action is not substantially a continuation of a prior suit, *Quinn,* 419 F.2d at 1018, a suit which is "in effect the unsettled remnant of an old one," *Thompson v. Chicago & N.W. Ry. Co.,* 14 F.2d 230, 231 (D.Minn.1926), or a proceeding which is the plaintiff's final step in seeking to satisfy a judgment against a defendant, *Overman v. Overman,* 412 F.Supp. 411, 412

---

1. Most cases discussing the independent versus supplemental distinction concern garnishment proceedings.

(E.D.Tenn.1976), and therefore not removable. Rather, this action has nothing to do with Plaintiff's recovery. It is merely an action to divide the attorney fees and determine the extent of the government's right to them.

*Bank v. Turnbull,* 83 U.S. (16 Wall.) 190, 21 L.Ed. 296 (1872), on which the Law Firm relies, is distinguishable. In *Turnbull,* the court held that removal was improper in an interpleader proceeding because that proceeding was auxiliary to the original suit. But not all interpleader proceedings following judgment are auxiliary to the original suit. There the plaintiff instituted the interpleader proceeding to determine which property of the defendant it could apply to satisfy its judgment against the defendant. Therefore, that proceeding was a final step in the original suit. This interpleader proceeding, however, does not affect the rights of Plaintiff. It only affects the rights of the attorneys, and the government, which seeks to levy one of the attorney's fee. Thus this interpleader proceeding is not auxiliary to the original suit.

## III. Conclusion

For the reasons set forth above, the Court's April 14, 1995, opinion and order denying Hatchett, DeWalt & Hatchett's motion to remand is VACATED due to clerical error. This opinion and order is hereby entered as the amended opinion of the Court.

It is further ordered that Hatchett, DeWalt & Hatchett's Motion to Remand to state court is DENIED. There will be no effort by this Court to become involved in any of the divorce or domestic features of this case. Rather, this Court will concern itself only with the Government's tax lien and its validity to the property of the Law Firm. *Rostykus v. Rostykus,* 352 F.Supp. 62, 62 (W.D.Okla.1972) (in action regarding tax lien where government intervened, court declined to become involved in divorce or domestic features of case).