Esther NOSKE aka E.M. Noske, Plaintiff,

v.

James L. NOSKE; James Noske and BBCA, Inc., as Alter Ego of James Noske; Joan M. Noske; Joan Noske and BBCA Inc., as Alter Ego of Joan Noske; The Basic Bible Church of America, The Order of Almighty God, Chapter 7024, an unincorporated, unrecorded, assumed name; Basic Bible Church of America, Inc., a Minnesota Non–Profit Corporation; Joan M. Noske, Trustee under the provisions of a certain Trust Agreement dated June 26, 1978; God's Helping Hands, formerly BBCA, Inc., a Minnesota Non–Profit Corporation; State of Minnesota; The United States of America, through its Treasury Department and Internal Revenue Service; and all unknown persons or entities claiming any right, title, estate, interest, or lien in the real estate described in the Complaint herein, as well as unknown heirs of or successors of, anyone who would otherwise be made a Defendant were it not for their Death, whose names or existence's are unascertainable, Defendants.

Civ. No. 6–96–342 (JRT/RLE).

United States District Court,
D. Minnesota,
Sixth Division.

May 20, 1997.

Denis E. Hynes, St. Cloud, MN, for Plaintiff.

Lawrence A. Casper, Trial Attorney, Tax Division, U.S. Dept. of Justice, for Defendant.

## ORDER

TUNHEIM, District Judge.

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above-titled matter, it is—

ORDERED:

That plaintiff's motion to remand this matter to the Minnesota District Court for Stearns County [Docket No. 6] shall be, and hereby is, denied.

## ORDER
## and
## REPORT AND RECOMMENDATION

April 17, 1997.

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A) and (B), upon the Plaintiff's Motion to Remand these proceedings to the Minnesota District Court for Stearns County.[1]

A Hearing on the Motion was conducted on March 13, 1997, at which time the Plaintiff appeared by Denis E. Hynes, Esq., and the Defendant United States of America (the "United States") appeared by Lawrence A. Casper, Trial Attorney with the Tax Division of the United States Department of Justice. The remaining Defendants made no appearance for the purposes of these Motions.

For reasons which follow, we recommend that the Motion to Remand be denied.[2]

---

1. Also before the Court is the Plaintiff's Motion to impose a sanction against the United States, for its failure to file a timely response to the Motion to Remand. We deny that Motion. Although, indisputably, the United States did not file its Response within the period provided by our Local Rules, the Plaintiff has not demonstrated how she was prejudiced by the untimely return. While we do not condone the United States' failure to diligently respond to the Plaintiff's Motion, in the absence of a showing that the Plaintiff has been prejudiced, we are not persuaded that any penalty should be imposed upon the Defendant.

In addition, the Plaintiff has filed a Motion, pursuant to Rule 19(a), Federal Rules of Civil Procedure, to join Faye Sitzmann ("Sitzmann")—who purchased, at an auction, the real property that is here at issue—as an indispensable Party–Defendant. The United States does not oppose this Motion and, upon our independent review, we find Sitzmann to be an indispensable party to this quiet title action and, therefore, the Motion is granted.

2. Within this District, a Motion to Remand is considered to be nondispositive and, therefore, subject to disposition by a Magistrate Judge. *Blair v. Source One Mortg. Services Corp.*, 925 F.Supp. 617, 619 n. 1 (D.Minn.1996). Notwith-

## II. *Factual and Procedural History*

On November 1, 1996, the Plaintiff commenced this action in the Minnesota District Court for Stearns County, as a proceeding to quiet title to certain real estate.[3] This property was encumbered by a series of Federal tax liens, which arose from the unpaid Federal tax liabilities of the Plaintiff's children—the Defendants James and Joan Noske.[4] The Internal Revenue Service ("IRS") has determined that two entities—specifically, the Defendants Basic Bible Church of America, Chapter 7024 ("Chapter 7024") and BBCA, Inc. ("BBCA")—are the taxpaying alter-egos of James and Joan Noske and, accordingly, the IRS has seized all of the property that has been held in the names of these entities, in order to satisfy James and Joan Noske's unpaid tax liabilities. The real property, which is the subject of this action, was, at different times, conveyed to both Chapter 7024 and BBCA. As a consequence, it is encumbered by the challenged tax liens.

Prior to the filing of the Complaint, the IRS had scheduled an auction sale of the real property, which was to be held on November 26, 1996. On November 20, 1996, pursuant to Title 28 U.S.C. Section 1444,[5] the United States removed the action to this Court. The auction sale of the real property was conducted, as scheduled, on November 26, 1996, and the highest and best bidder for the property was Faye Sitzmann ("Sitzmann"), who bid the sum of $52,740.00.[6] The United States represents, without contradiction from the Plaintiff, that the sale of the real property has not become finalized, as the local District Director of the IRS has not issued a Director's Deed to Sitzmann. Moreover, the real property is, and shall remain, subject to a right of statutory redemption, in certain interested persons, for a period continuing until 180 days after the November 26, 1996 auction sale. See, *Title 26 U.S.C. § 6337(b)*.[7] In addition, the United States represents—again, without contradiction—that the pertinent Federal tax liens still encumber the property.

On December 23, 1996, the Plaintiff filed this Motion to Remand this action to the State District Court. In support of the Motion, she first argues that the United States' Petition for Removal was statutorily defective. In the alternative, she maintains that the sale of the property to Sitzmann has deprived this Court of its subject matter jurisdiction over this action. In response, the United States denies both that its Petition for Removal was deficient, and that Federal jurisdiction is lacking in this matter. As

---

standing this general understanding, the District Court, the Honorable John R. Tunheim presiding, referred this matter to us for "proposed findings of fact and a recommendation for the disposition of the motion." Accordingly, we express our disposition of this matter as a recommendation to the District Court.

3. Although the Plaintiff's Complaint does not specify its jurisdictional premise, at the Hearing, Plaintiff's counsel specified that this action had been brought as one which affects property in which the United States has a lien. See, *Title 28 U.S.C. § 2410(a)*. In pertinent part, Section 2410(a) provides as follows:

Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

\* \* \* \* \* \*

(1) to quiet title to, real or personal property on which the United States has or claims a mortgage or other lien.

4. Both James and Joan Noske are currently incarcerated, following their convictions for Federal tax offenses.

5. Section 1444 provides as follows:

Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.

6. The Plaintiff took no legal action, whether by an application for preliminary injunctive relief, or otherwise, to prevent the auction sale from being conducted as scheduled.

7. As is here pertinent, Section 6337(b) provides as follows:

The owners of any real property sold as provided in Section 6335, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person on their behalf, shall be permitted to redeem the property sold, or any particular tract of such property, at any time within 180 days after the sale thereof.

a consequence, the Government opposes the Motion to Remand.

### III. *Discussion*

▮ In seeking a remand of this matter, the Plaintiff first contends that the United States' Petition for Removal was defective because it did not facially reflect that all of the Defendants to this action consented to its removal. We disagree.

Of course, if the United States had removed this proceeding pursuant to the general removal provisions of Title 28 U.S.C. § 1441, then we might well be persuaded by the Plaintiff's argument, since it is well-settled that, as a general proposition, all of the defendants to an action must consent to its removal to a Federal Court, when that removal is conducted pursuant to Section 1441. See, e.g., *Bradley v. Maryland Cas. Co.,* 382 F.2d 415, 419 (8th Cir.1967); *Moosbrugger v. McGraw–Edison Co.,* 215 F.Supp. 486, 487 (D.Minn.1963); see also, *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3rd Cir.1995); *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994); *Doe v. Kerwood,* 969 F.2d 165, 167 (5th Cir.1992). As noted, however, the United States did not proceed pursuant to Section 1441 but, rather, the removal was pursuant to Section 1444—a Statute which "gives the United States the unqualified option to remove an action originally brought in state court under [Title 28 U.S.C.] § 2410." *E.C. Robinson Lumber Co. v. Hughes,* 355 F.Supp. 1363, 1368 (E.D.Mo.1972). As a consequence, "[i]n actions involving multiple parties, * * * the Federal Government may remove the entire proceeding under § 1444[,]" and "[t]he other defendants need not join in the petition for removal." *Chrysler First Financial Services Corp. v. Greenfield,* 753 F.Supp. 939, 941 (S.D.Fla.1991); see also, *Country Hill Bank v. General Development, L.P.,* 1990 WL 168417 * 1 (D.Kan.1990) (United States may remove proceeding pursuant to Section 1444 without the concurrence of its co-defendants).

▮ Next, the Plaintiff argues that the auction sale of the real property—which, as noted, transpired after this action was removed—deprived the United States of any interest which it might have previously had in this proceeding. The argument continues that, since the United States no longer is an interested party, then this action has been transformed, in essence, to a State law quiet title action between private parties, which no longer presents a Federal question over which this Court has jurisdiction. Accordingly, the Plaintiff contends that this matter must be remanded. See, *Title 28 U.S.C. § 1447(c)* ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Again, we disagree.

First, we cannot accept the proposition that the United States no longer has an interest in the real property at issue. As we have noted, the purchaser of the property has not received a Director's Deed from the IRS, the statutory period of sale redemption has not yet expired, and the challenged federal tax liens still attach to the property. Given all of these considerations, we agree with the United States that it retains a legitimate interest in the real property, which it is entitled to protect by continuing to participate in this proceeding. For this reason alone, the action continues to present a Federal question, over which the Court has jurisdiction, and the Motion to Remand should be denied.

Moreover, assuming, solely for the sake of argument, that the United States had disposed of its entire interest in the real property upon the sale to Sitzmann, that circumstance would not deprive this Court of jurisdiction to entertain the underlying Section 2410(a) quiet title proceeding. In this respect, we agree with those Courts which have concluded that the sale of the subject property, by the IRS, after the filing of a Section 2410(a) proceeding, does not divest the Court of Federal subject matter jurisdiction. See, *Kulawy v. United States,* 917 F.2d 729, 733–34 (2nd Cir.1990); cf., *Goodwin v. United States,* 935 F.2d 1061, 1064 (9th Cir.1991) (sale of subject property does not moot Section 2410(a) appeal). The rationale behind these decisions—which we find persuasive—is that the Government should not be able to defeat a taxpayer's Section 2410(a) challenge to a Federal tax lien, by disposing of the subject property after the action is commenced, and

thereby "oust the court of jurisdiction validly invoked." *Kulawy v. United States,* supra at 733–34; *Goodwin v. United States,* supra at 1064. Of course, here, it is the taxpayer, and not the Government, who is urging the extinction of our jurisdiction, but this is a distinction without a difference, for the rationale, which underlies the decisions in *Kulawy* and *Goodwin,* does not present a one-way ratchet. Stated succinctly, the sale of the subject property in a Section 2410(a) proceeding—after the action has been commenced[8]—does not "oust the court of jurisdiction validly invoked," regardless of whether such an ouster would work for or against the interests of the United States. Accordingly, we conclude that the Court retains subject matter jurisdiction over this action.[9]

For these reasons, we recommend that the Plaintiff's Motion to Remand be denied.[10]

NOW, THEREFORE, It is—

ORDERED:

1. That the Plaintiff's Motion to Join Indispensable Party [Docket No. 6] is GRANTED.

2. That the Plaintiff's Motion for Sanctions [Docket No. 13] is DENIED.

AND, It is—

RECOMMENDED:

That the Plaintiff's Motion to Remand this matter, to the Minnesota District Court for Stearns County [Docket No. 6], be denied.

---

**8.** This is the distinguishing feature which differentiates this case from *Murray v. United States,* 520 F.Supp. 1207 (D.N.D.1981), aff'd, 686 F.2d 1320 (8th Cir.1982), cert. denied, 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983), upon which the Plaintiff has placed her principal reliance. There, the District Court held that Section 2410(a) jurisdiction never existed in the first instance, because the United States had sold the subject property, and hence, extinguished the lien at issue, months before the filing of the purported Section 2410(a) action. Our Court of Appeals affirmed—without reaching this argument—by concluding that the action could not reasonably be deemed as a "quiet title" action, because the appellant sought the creation of a new and superior interest in the subject property, which would accrue in his favor, and not the mere restoration of his previous lesser interest. Thus, contrary to the Plaintiff's assertion, the ruling in *Murray v. United States,* does not stand for the proposition which she argues; namely, that once the United States disposes of its interest in real property, a Section 2410(a) action must automatically be remanded to the State Court.

**9.** In passing, we note that several Courts have determined that, when the United States removes an action pursuant to Section 1444, the removal Statute, itself, serves to independently vest the Court with subject matter jurisdiction, regardless of whether the Court had original jurisdiction over the matter. See, e.g., *City of Miami Beach v. Smith,* 551 F.2d 1370, 1373–74 n. 5 (5th Cir. 1977); *Hood v. United States,* 256 F.2d 522, 525 (9th Cir.1958); *Truong by Truong v. Grand Trunk Western R. Co., Inc.,* 882 F.Supp. 107, 108 (E.D.Mich.1995); *Wilkinson v. United States,* 724 F.Supp. 1200, 1202 (W.D.N.C.1989); *Kasdon v. G.W. Zierden Landscaping, Inc.* 512 F.Supp. 172, 174–75 (D.Md.1981); *E.C. Robinson Lumber Co. v. Hughes,* 355 F.Supp. 1363, 1368 (E.D.Mo. 1972). We need not reach that issue, however, as we conclude that the Court has retained subject matter jurisdiction over this proceeding, independent of Section 1444.

**10.** At the Hearing on this matter, counsel for the Plaintiff moved, alternatively, that we consolidate this action with another proceeding, which involves the Plaintiff and the United States, and which is currently pending before this Court, the Honorable Donald D. Alsop presiding. See, *Noske v. United States,* Civil No. 6–95–174 (DDA/RLE). We decline this request, however, as we have no showing that the two actions are closely intertwined and, further, we note that, as of January 21, 1997, *Noske v. United States,* had been certified as "Ready for Trial." If consolidation has any merit, the issue should be addressed with the Trial Court in the action which is now "Ready for Trial."