Lawrence J. HOSTE, Plaintiff,

v.

**SHANTY CREEK MANAGEMENT, INC., Defendant.**

No. 1:02 CV 14.

United States District Court,
W.D. Michigan,
Southern Division.

July 17, 2002.

W. Francesca Ferguson, U.S. Attorney's Office, Grand Rapids, MI, for Department of Health and Human Services, Movant.

P. David Palmiere, McConnell & Palmiere, P.C., Bloomfield Hills, MI, Terrance J. Odom, Terrance J. Odom, P.C., Troy, MI, for Lawrence J. Hoste, Plaintiff.

Margaret A. Costello, Dykema Gossett PLLC, Detroit, MI, for Shanty Creek Management, Inc., a foreign corporation, Defendant.

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR REMAND

MILES, Senior District Judge.

Plaintiff Lawrence J. Hoste filed this personal injury action against defendant Shanty Creek Management, Inc. ("Shanty Creek") in Michigan's Antrim County Circuit Court in 1993, asserting claims against Shanty Creek arising out of his alleged injury in a skiing accident in 1990. On January 8, 2002, the Secretary of the United States Department of Health and Human Services ("the Secretary") filed a Notice of Removal. As a basis for removal, the Secretary asserts that on December 28, 2001, the United States Attorney for the Western District of Michigan received notice that the state court had issued an order granting an oral motion by the plaintiff for sanctions which, among other things, purportedly enjoined Medicare from asserting a federal statutorily created claim for reimbursement from the proceeds of a judgment or settlement of Hoste's claims against Shanty Creek.[1] Asserting that the state court's order sanctioning Medicare is invalid for various reasons, the Secretary has filed a motion in this court to vacate the state court's order.

The matter is currently before the court on Plaintiff's Motion for Remand Due to Improper Removal from State Court (docket no. 8). Shanty Creek has filed a written concurrence in the motion. The Secretary has filed a written response in which it argues that the court should deny the motion for remand, at least without first vacating the state court's decision granting sanctions against the Medicare program.

For the reasons to follow, the court denies the motion for remand insofar as it seeks a full remand of this matter to state court. While the court will order a partial remand of issues presented by plaintiff Hoste's personal injury claims against Shanty Creek, the court retains jurisdiction for the purpose of resolving those issues raised by the Secretary's motion to vacate the state court decision to sanction Medicare.

## I

This case has remained pending in the state court for several years, for reasons which do not concern this court. What

---

**1.** The federal "Medicare Secondary Payer" statute authorizes the United States to recover Medicare payments for items and services under certain circumstances. 42 U.S.C. § 1395y(b)(2).

does concern this court, insofar as they provide a basis for federal jurisdiction, are certain circumstances arising from attempts of Hoste and Shanty Creek to reach a settlement in the state court action in late 2001.

According to plaintiff's Motion for Remand, the state court action against Shanty Creek was set for jury trial before that court on December 11, 2001, to be preceded by a settlement conference on November 16, 2001. On November 8, 2001, counsel for both plaintiff and Shanty Creek appeared before the state court for the purpose of arguing certain pretrial motions. At that time, plaintiff contends, someone raised the issue of settlement talks. According to plaintiff, the attorneys informed the state court judge (1) "that substantive settlement talks between them had been unavailing, chiefly due to the large size and number of potential lien claims against the proceeds of any judgment or settlement[,]" and (2) "that the case might have to be tried simply because of the parties' inability to acquire information and identify the appropriate decision-makers on the various lien claims." Plaintiff's Motion for Remand, at 3. On November 9, 2001, one day after the parties advised him of these purported obstacles to settlement, plaintiff contends that the state court judge *sua sponte* issued orders directing each of the various lien claimants -including Medicare- to send a representative to appear at the settlement conference scheduled for November 16, 2001. *Id.*

On November 9, 2001, the state court faxed to the office of the United States Attorney for the Western District of Michigan a copy of an order requiring an Assistant United States Attorney "or some other person with complete authority to compromise and settle the Medicare lien" to "attend in person the settlement conference" scheduled for November 16, 2001. There is no dispute that this order was received by the United States Attorney, nor is there any dispute that the United States Attorney did not send a representative to the settlement conference, having informed the state court judge by letter dated November 15, 2001 that (1) she had not received notice of the proceedings before receipt of the court's order on November 9, 2001; (2) that she had not received a request for Medicare lien information before receipt of the court's order; (3) that neither she nor the Medicare staff had the information necessary to inform the state court or the parties of the amount of the Medicare lien; (4) that she had no information which could be of help to the parties in settlement negotiations; (5) that she would make an effort to be of assistance by forwarding lien information to the parties once the amount of the lien had been determined; (6) that Medicare would assert its federal statutory lien upon all proceeds paid to or on behalf of the plaintiff, including bringing the matter to a federal court, if necessary; and (7) that she was not authorized to attend the settlement conference on November 16, 2001, the matter being a tort case to which no federal agency had been named a party.

According to plaintiff, the settlement conference took place in state court as scheduled on November 16, 2001, with all potential lien claimants appearing through their representatives, with one exception: no one appeared who was authorized to compromise the Medicare lien. Apparently fearing that this jeopardized the potential "final settlement" of the action, plaintiff contends that he then brought an "oral motion" in the state court to bar Medicare from asserting its lien "as a sanction for failure to attend the conference as ordered." Plaintiff's Motion for Remand, at 4. Plaintiff contends that he also sought

"alternative sanctions" against Medicare in the form of a $30,000 "costs assessment," payable in the event that the lien bar was determined to be unenforceable. According to plaintiff, the state court granted this relief and, as a result, plaintiff and Shanty Creek placed a settlement on the record.

Subsequently, on or about December 19, 2001, plaintiff filed a written motion in the state court, seeking to have that court issue a written order which would incorporate the oral rulings made on November 16, 2001. Shanty Creek faxed a copy of plaintiff's motion to the United States Attorney on December 28, 2001; this appears to be the first time the government became aware of the oral rulings with respect to the Medicare lien made at the settlement conference. The Secretary filed the Notice of Removal soon thereafter, on January 8, 2002.

## II

■ Shanty Creek, in its written Concurrence filed on February 13, 2002, argues that the Secretary's January 8, 2002 Notice of Removal was untimely, apparently because it should have been filed within 30 days of either (1) the state court's November 9, 2001 order requiring appearance at the settlement conference, or (2) the state court's oral rulings at the November 16, 2001 settlement conference. *See* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

■ A motion to remand based on a non-jurisdictional defect "must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28

U.S.C. § 1447(c). A federal district court has no authority to remand a case to state court on the basis of a procedural defect in removal raised for the first time more than 30 days after the filing of the notice of removal, regardless of whether a timely remand motion has already been filed. *Northern California Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.,* 69 F.3d 1034, 1038 (9th Cir.1995). Because Shanty Creek did not raise the issue of the timeliness of the removal—which is a purely procedural defect—until it filed its Concurrence on February 13, 2002, it is Shanty Creek's assertion of untimeliness which is itself untimely, having been raised for the first time 36 days after the filing of the Notice of Removal.

There being no timely-raised procedural defects in the removal, the court will proceed to address the jurisdictional issues raised by plaintiff and Shanty Creek.

## III

In his motion seeking remand, in which Shanty Creek has joined, plaintiff Hoste argues that removal by the Secretary was improper because federal jurisdiction is lacking under the circumstances presented by this case.

The Secretary's Notice of Removal asserts the existence of removal jurisdiction based on 28 U.S.C. §§ 1441 and 1442, insofar as this is a civil action commenced in a state court against an agency of the United States.

■ Title 28 U.S.C. § 1442(a) provides in pertinent part as follows:

A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office[.]

In contrast with other more typical situations in which the basis for federal jurisdiction must appear on the face of a well-pleaded complaint, section 1442 establishes removal rights notwithstanding the non-federal cast of a complaint or claim; under the statute, the federal-question element is met if the defense depends on federal law. *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999). To qualify for removal under § 1442, the action must meet two elements: (1) it must be based on an act under color of office, and (2) it must raise a colorable federal defense. *Id.* These are threshold showings only, not difficult to establish; the removing party need not win the case in order to have it removed. *See id.* at 431–432, 119 S.Ct. 2069.

■■■■ Because the state court's action or actions at issue arise from a right to a lien or other reimbursement created by federal law, there is no doubt that the requirement of official action is satisfied. In addition, because the United States asserts a sovereign immunity defense to the state court's action, a colorable federal defense is presented. *See Nationwide Investors v. Miller*, 793 F.2d 1044, 1046 (9th Cir.1986). Federal jurisdiction is present, and removal was proper.[2] This court will

address the validity of the state court's action in a separate order to be issued with respect to the pending motion to vacate. For present purposes, it suffices to say that this court concludes that it has subject matter jurisdiction over this action and, pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded."

## IV

■■■ Both the plaintiff and Shanty Creek have attempted to defeat federal jurisdiction by emphasizing that the state court made no substantive determinations based on federal law. They argue that what the state judge did was simply to order the claimant of what happened to be a federal lien to appear through a representative at a settlement conference, and, when no representative appeared, sanctions were issued. Nothing federal about this, so they contend. However, what these parties fail to grasp is the sheer breadth and scope of the United States' right to remove. "[O]ne of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Willingham v. Morgan*, 395 U.S. 402, 407, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). One district court has phrased the issue particularly well:

No county official in any State should have the power to inhibit the proper implementation of federal laws by federal officials at [his] discretion. Our nation decided over 200 years ago that we

---

**2.** Federal question jurisdiction is present under 28 U.S.C. § 1331 where a party challenges the United States' attempt to recover settlement proceeds as repayment for Medicare costs under the Medicare Secondary Payer statute. *Fanning v. United States*, 202 F.R.D. 154, 169 (E.D.Pa.2001). It is likewise present here, where plaintiff has sought and procured a state court order which would

purportedly bar the United States from seeking any recovery of settlement proceeds which he obtains from Shanty Creek. The court's principal concern in resolving the present motion to remand is not whether a federal question is presented, but whether removal is proper under the circumstances. The court has concluded that removal is indeed proper.

did not want our system to work that way.

*State of Texas v. Carley*, 885 F.Supp. 940, 944 (W.D.Tex.1994).

▉▉▉▉ Here, the United States' defense is essentially that while there may be ways of resolving the issue of Medicare reimbursement from the proceeds of a settlement, forcing a federal representative to appear at a state court settlement conference is not one of them.[3] The United States is entitled to have this defense adjudicated in a federal court. Its right to removal cannot be overcome by framing an order as requiring merely an appearance by some federal representative.[4]

Shanty Creek argues that adoption of the Secretary's position that removal is proper essentially means that the state court has no jurisdiction to order a Medicare representative to attend a settlement conference, provide documentation of its lien, or otherwise engage in settlement activities. According to Shanty Creek, "the practical effect of such a position is that settlement, and ultimately judicial economy, will be sacrificed, cases set for trial will be removed to the federal courts when the actual parties do not want cases removed; [and] the federal courts will try cases when they have not otherwise been involved with discovery ... and other pretrial maters [sic] over months or even years ... Such a result not only has no statutory basis, but is practically undesirable." Shanty Creek's Concurrence, at 5.

The statutory basis for removal is clear, even if the plaintiff and Shanty Creek refuse to see or admit to it. As for Shanty Creek's concerns about the more "practical" consequences of removal, some of these consequences—namely, delay in the state proceedings, already several years pending due in no part to any federal interference—might well have been avoided had the parties in the state court action, particularly the plaintiff, been diligent in

---

3. Plaintiff goes so far as to characterize the federal representative's failure to appear as ordered at the settlement conference as "contumacy." Brief in Support of Motion to Remand, at 6, 13. This is a telling characterization, for it is well settled that the initiation of contempt proceedings based on a failure to comply with a state court order qualifies as a State court "action" for purposes of 28 U.S.C. § 1442(a). *State of Louisiana v. Sparks*, 978 F.2d 226, 233 (5th Cir.1992) (citations omitted); *see also Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 414 (D.C.Cir. 1995) (characterizing as "necessary" party's concession that removal would be available if officials faced civil contempt proceeding).

4. That the state court has sought, upon motion by plaintiff Hoste, to impose sanctions which have a critical effect on the substance of any federal statutory rights cannot seriously be questioned: according to plaintiff, as a "sanction" for the failure to attend the settlement conference, the state court granted plaintiff's oral motion to bar Medicare from taking any further action asserting its lien.

The potential impact of the state court's order on any right of the United States to claim an interest in the proceeds of a settlement or judgment entered in the state court action affords another basis for removal jurisdiction. Specifically, 28 U.S.C. § 1444 permits the United States to remove any action brought against it under 28 U.S.C. § 2410 with respect to "personal property on which the United States has or claims a mortgage or other lien." "Section 1444 confers on the United States a substantive right, independent of other jurisdictional limitations, to remove an action originally filed in state court." *Truong v. Grand Trunk Western Railroad Co., Inc.*, 882 F.Supp. 107, 108 (E.D.Mich.1995) (citation omitted). Had plaintiff Hoste made the United States or a federal agency a party to an action seeking adjudication of its right to an interest in any settlement or judgment proceeds, the United States would have an unqualified right to remove. This right cannot be defeated by seeking sanctions against the United States, as a non-party, which would prohibit its assertion of an interest in personal property in the form of settlement proceeds.

timely seeking cooperation from the proper federal authorities in determining the full extent of any Medicare lien or claim for reimbursement. However, one consequence which cannot be avoided, where federal statutory rights under the Medicare program are at issue, is involvement of the United States in the proceedings to determine the extent of those rights. It is simply not acceptable for parties to wait until the eve of a settlement conference or trial to get the federal authorities involved. For that reason, the parties' assignation of blame on the Secretary for delaying their desire to finalize a settlement of their differences is seriously misplaced.[5]

■ Finally, as for Shanty Creek's concern that this court will involve itself in purely state matters which could not have been brought here originally, this concern is unfounded. Indeed, Shanty Creek's expression of this concern is indicative of its naïveté regarding the authority of federal courts on removal. Certainly, the United States' right to removal must be broadly construed. *See Willingham*, 395 U.S. at 406–407, 89 S.Ct. 1813 (right of removal under § 1442(a) is "absolute" regardless of whether suit could originally have been brought in federal court). However, having jurisdiction over a matter does not necessarily mean that the court must assert that jurisdiction over all aspects of the case. Subsection (c) of 28 U.S.C. § 1441

expressly provides that a federal court, "in its discretion," may either determine all issues in a removed action or, alternatively, "may remand all matters in which State law predominates."[6] In the past, this court has not hesitated to decline to exercise jurisdiction over those issues presented by a case which, although the entire case is properly before the court, are purely local issues having no real place in the federal system. Here, where a long-outstanding state law personal injury claim triable to a jury overwhelmingly predominates over any federal issues not triable to a jury, the court is inclined to order a partial remand of the former claim, even while it endeavors to resolve the latter. By separate order, the court will order a partial remand, so that plaintiff and Shanty Creek may proceed to seek resolution in the state court of any non-federal issues outstanding between them.

### Conclusion

This court has jurisdiction over this matter, and removal was proper. The court therefore denies plaintiff's motion for remand to the extent that it seeks a full remand of this action to the Antrim County Circuit Court. However, a separate order of partial remand will follow, returning to the state court those portions of the case which do not involve issues of federal law.

---

**5.** It is noted that neither plaintiff Hoste nor Shanty Creek has suggested or documented that they made any efforts to obtain information on the amount of the federal lien before appearing for pretrial motion arguments in the state court on November 8, 2001, despite the pendency of the state action since 1993. To the contrary, Shanty Creek has implied that the parties' efforts began only in November, 2001. *See* Shanty Creek's Concurrence, at 3–4 ("There has been no documentation, nor even a statement, regarding the amount of the purported lien, despite the parties' repeated efforts for at least three months to try to obtain that information"). However, as

the parties should have been well aware, plaintiff's alleged injury occurred in 1990, and determining the services and amounts subject to any Medicare reimbursement could be a lengthy process.

**6.** Similarly, 28 U.S.C. § 1367, the supplemental jurisdiction statute, permits federal district courts to decline to exercise supplemental jurisdiction over a state law claim which "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).

*ORDER OF PARTIAL REMAND*

For the reasons stated in the court's Opinion and Order on Plaintiff's Motion for Remand entered on this same date, and because plaintiff's personal injury claims against the named defendant Shanty Creek Management, Inc. ("Shanty Creek") in the complaint filed in Michigan's Antrim County Circuit Court action no. 93–6013–NO raise issues solely of state law, the court declines to exercise jurisdiction over those particular claims, pursuant to 28 U.S.C. §§ 1441(c) and 1367(c)(2). Plaintiff's claims against Shanty Creek are therefore hereby remanded to the Antrim County Circuit Court. This federal court retains jurisdiction over all claims or issues arising under federal laws or regulations pertaining to the administration of the Medicare program.

The Clerk of Court for this district shall cause a certified copy of this order to be mailed to the Clerk of the Antrim County Circuit Court.