Vickie McCANE, Plaintiff,

v.

Bobby McCANE, Defendant.

No. Civ.A. 99–40036.

United States District Court,
E.D. Michigan,
Southern Division.

April 9, 1999.

Patrick M. Kirby, Flint, MI, Michael J. Kotarski, Flint, MI, for Vickie McCane, plaintiff.

Jean M. Hansen, Bloomfield Hills, MI, for Bobby Gene McCane, Cherie Serena, defendants.

## MEMORANDUM OPINION AND ORDER DEEMING SHOW CAUSE ORDER NOT SATISFIED AND REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

GADOLA, District Judge.

On February 16, 1999, this court entered an order directing plaintiff, Vickie McCane, to show cause why this case should not be remanded for lack of subject matter jurisdiction. On February 26, 1999, plaintiff filed her response to this court's show cause order. On March 24, 1999, Defendant, Estate of Bobby Gene McCane, filed its reply to plaintiff's response through Cherie Serna, personal representative to the estate. Upon review and for the reasons set forth below, this court will deem the show cause order not satisfied, and this court will remand this case for lack of subject matter jurisdiction.

### Factual Background

As an employee of General Motors Company, Bobby Gene McCane participated in a company life insurance plan ("General Motors Plan") subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Defendant designated his wife, plaintiff Vickie McCane, as beneficiary of the plan.

On December 13, 1995, an Amended Judgment of Divorce was entered which terminated the marriage of plaintiff and defendant. The Amended Judgment provided, in part,

IT IS FURTHER ORDERED AND ADJUDGED that all rights of the said Plaintiff, Vickie McCane, in and to the proceeds of any policy or contract of life insurance, endowment or annuity of life upon the life of the Defendant in which the Plaintiff was named or was designated beneficiary or to which she became entitled by assignment or by change of beneficiary during the marriage or during the anticipation thereof, whether said contract was heretofore or shall hereinafter be written or shall hereinafter become effective, are hereby cut off and terminated with the exception of the life insurance awarded to the Plaintiff to secure payment of spousal support as hereinabove provided, which life insurance obligation shall decrease as Defendant's spousal support obligation decreases.

On April 1, 1997, defendant died. On or about April 5, 1997, his daughter, Cherie L. Serna, filed a "Petition for Commencement of Proceedings" with the State of Michigan Probate Court, County of Genesee for the supervised administration of her father's estate (hereinafter "probate proceeding"). On the same day the Petition was filed, Serna also filed an "Ex Parte Petition for Injunctive Relief." Serna requested that the Probate Court issue a temporary restraining order, preventing the distribution of any proceeds from the General Motors Plan to the named beneficiary, plaintiff. Serna claimed that the Estate owned the proceeds and she further asserted that plaintiff's right to proceeds under the General Motors Plan was extinguished by the terms of the Amended Judgment of Divorce.

On May 14, 1997, before filing any civil action or claim with the Probate Court, plaintiff attempted to remove the probate proceeding to this court. Plaintiff asserted that this court had subject matter jurisdiction over the action on the basis of ERISA preemption. This court had seri-

ous questions as to whether said removal was proper, and thus on or about September 30, 1997, it ordered plaintiff to show cause why the action she removed to this court should not be remanded for lack of jurisdiction.

Upon review, this court was not satisfied that the case should remain in federal court because what had been removed to this court was purely a *probate proceeding*. Because the State court has exclusive jurisdiction over such proceedings, this court remanded the matter on November 21, 1997.

On August 26, 1997, after plaintiff filed her first notice of removal but before this court entered its order remanding that matter, Serna, acting as personal representative for defendant's estate, filed a petition in Genesee County Circuit Court requesting that the divorce judgment be modified to divest plaintiff from any and all rights to the General Motors Plan. On August 28, 1997, plaintiff made its second attempt to bring this matter before a federal court by filing a notice of removal of those proceedings. Plaintiff again claimed ERISA preemption as the basis for this court's subject matter jurisdiction. Serna then filed a motion to remand, asserting that the petition to amend the divorce judgment was purely a divorce matter over which the state court has original and exclusive jurisdiction. This court agreed, and on November 21, 1997, this court entered an order remanding those proceedings to state court.

On December 10, 1998, defendant's estate, through its personal representative Serna, filed a motion to enforce the December 13, 1995 Amended Judgment of Divorce. On January 8, 1999, plaintiff made her third attempt to obtain a federal forum, filing a notice of removal of the action to this court. Plaintiff again claims, as she has on two prior occasions, that this court has jurisdiction over the state proceedings based on the preemptive force of ERISA.

Again citing grave doubts with respect to its subject matter jurisdiction over the instant action, this court entered an order directing plaintiff to show cause why this matter should not be remanded to Genesee County Circuit Court. Currently before the court is plaintiff's response to that show cause order, along with defendant's reply to plaintiff's response.

**Discussion**

The bulk of plaintiff's response to the show cause order addresses the preemptive force of ERISA, and contains substantive arguments aimed at establishing that ERISA preemption provides a basis for removal in this case. This court finds, however, that plaintiff's claim that this court has subject matter jurisdiction over this action fails for a more fundamental reason. Specifically, plaintiff has failed to establish that this court has removal jurisdiction over this action because plaintiff's notice of removal is procedurally defective pursuant to 28 U.S.C. §§ 1441 and 1446.

Section 1441(a) provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Section 1446, which sets forth the procedural requirements for removal, provides, in relevant part:

> (a) *A defendant or defendants* desiring to remove any civil action ... from a State court shall file in the district court ... a notice of removal ....
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt *by the defendant* ... of a copy of the initial pleading setting forth the claim for relief

upon which such action or proceeding is based. . . .

(d) Promptly after the filing of such notice of removal of a civil action *the defendant or defendants* shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal. . . .

28 U.S.C. § 1446 (emphasis added).

 It is well-settled that this court's removal jurisdiction is to be narrowly construed. *See, e.g., Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934). Pursuant to the plain language of sections 1441 and 1446, it is clear that the privilege of removal extends only to *defendants,* and not to *plaintiffs. See Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317 (1954); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). In this case, the party petitioning for removal is Vickie McCane, the *plaintiff* in the underlying state court divorce action. By the clear language of the removal statutes and of Supreme Court precedent, plaintiff may not remove this action to federal court, regardless of whether ERISA preempts the claims related to the life insurance benefits at issue in this case. Accordingly, the January 8, 1999 notice of removal filed by plaintiff, Vickie McCane, is procedurally defective, and is insufficient to vest this court with removal jurisdiction.

While plaintiff does not make this argument explicitly, plaintiff impliedly claims that she has somehow been placed in the position of a "defendant" with respect to the December 10, 1998 motion to enforce the amended judgment of divorce. Plaintiff's claim seems to be that the motion to enforce the amended judgment of divorce is essentially a claim for benefits pursuant to § 1132(a)(1)(B). As the respondent with respect to that motion, plaintiff impliedly asserts that she is the "defendant" with respect to the claim for benefits. Accordingly, plaintiff is arguably claiming that she has a right to remove this action

based on the fact that she is a "defendant" with respect to the December 10, 1998 motion to enforce the amended judgment of divorce.

 This court finds such an argument unavailing. The argument requires the court to evaluate the propriety of removal of the proceedings related to the *motion only,* rather than the entire underlying divorce action. Even if this court were to separate the proceedings in this way, the proceedings related to the motion to enforce the amended judgment of divorce do not constitute a "civil action," as required by 28 U.S.C. § 1441(a). Again, that section provides that a defendant may remove "any civil action" over which the district court has original jurisdiction. However, as this court noted in *Truong ex rel. Truong v. Grand Trunk W. R.R. Co.,* 882 F.Supp. 107 (E.D.Mich.1995):

> [t]he term "civil action" under § 1441 does not embrace proceedings that are merely supplemental, ancillary, or incidental to another action, and such proceedings are not removable to federal court.

*Id.* at 109 (citing *Bank v. Turnbull,* 83 U.S. (16 Wall.) 190, 195, 21 L.Ed. 296 (1872); *Federal Savings and Loan Ins. Corp. v. Quinn,* 419 F.2d 1014, 1018 (7th Cir.1969)). Here, the motion to enforce the amended judgment of divorce is clearly a proceeding that is merely supplemental to the original divorce action. Defendant's motion seeks no additional relief other than enforcement of the existing judgment. Under those circumstances, the motion to enforce the amended judgment of divorce does not qualify as a separate "civil action" that would be removable pursuant to § 1441(a). Accordingly, even if this court were to accept plaintiff's claim that she has been placed in the position of a "defendant" with respect to the motion to enforce the amended judgment of divorce, the proceedings related to that motion do not constitute a removable "civil action."

Therefore, for the reasons set forth above, this court finds that plaintiff's notice of removal is procedurally defective, and will not support this court's removal jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.

This court notes finally that the authority cited by plaintiff in her response does not compel a different result. The two cases upon which plaintiff principally relies are *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir.1991), and *Czarski v. Bonk*, 124 F.3d 197 (table), 1997 WL 535773 (6th Cir. Aug.28, 1997). In each case, the Sixth Circuit held that removal of the underlying state court action was proper on the basis of ERISA preemption. However, both cases involved situations in which the notice of removal was filed by the *defendant* in the underlying state court action. Hence, while *Cromwell* and *Czarski* may lend support to plaintiff's argument that ERISA preempts the claims asserted in the motion to enforce the amended divorce judgment, they do not bear on the issue of whether plaintiff has properly removed the underlying state court action to this court pursuant to 28 U.S.C. §§ 1441 and 1446. As plaintiff herself acknowledges, removal and preemption are two distinct concepts. *See Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir.1995). The question of whether certain claims in the underlying divorce action in this case are preempted by ERISA is separate from the question of whether plaintiff properly removed the case to this court. Even assuming preemption, the notice of removal must still conform to the requirements set forth in 28 U.S.C. §§ 1441 and 1446. For the reasons set forth above, this court finds that plaintiff's notice of removal does not comply with those requirements, and accordingly, this court finds that the removal of this case was improper.

As a result, this court will remand this case for lack of subject matter jurisdiction.

Therefore, this court having reviewed the submissions of the parties and being fully advised in the premises,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Genesee County Circuit Court, Family Division, for lack of subject matter jurisdiction.

**SO ORDERED.**