METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,

v.

Patricia GIBBS, Lois Gibbs, and Jerry Rocco, Defendants.

No. 98–CV–75057.

United States District Court,
E.D. Michigan,
Southern Division.

March 7, 2000.

Thomas E. Chittle, Flint, MI, for Plaintiff.

John A. Demarco, Lake Orion, MI, for Defendants.

John A. Zick, Farmington Hills, MI, for Lois Gibbs.

Parvin C. Lee, Jr., Waterford, MI, for Jerry Rocco.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I. Introduction

This is an interpleader action in an insurance case. Plaintiff Metropolitan Life Insurance Company (MetLife) filed this action against three parties who have asserted conflicting claims to two life insurance policies: (1) Policy No. 14000–G for basic life insurance, worth $31,195 (BLI policy) and (2) Policy No. 24390–G for supplemental group life insurance, worth $102,000 (SGLI policy). Both policies insure the life of John R. Gibbs, who died on May 4, 1998. The competing parties are: (1) Patricia Gibbs, John Gibbs' wife of 31 years whom he divorced in 1979; (2) John Gibbs' children born to the marriage with Patricia, John Jeffrey Gibbs, David Scott Gibbs, and Thomas Page Gibbs (the children); (3) the estate of John R. Gibbs; (4) Lois Gibbs, John Gibbs' second wife of 10 years whom he divorced in 1991; and (5) Jerry Rocco, John Gibbs' friend. On February 19, 1999, MetLife paid into the court the sum of $138,333.07, representing the combined net proceeds of the BLI policy and the SGLI policy with interest. On April 26, 1999, the Court entered a stipulated order awarding MetLife $3,857.24, representing its costs and attorney fees incurred in this action.

Before the Court is: (1) Lois Gibbs' motion for partial summary judgment as to the SGLI policy only; (2) Patricia Gibbs' motion for summary judgment as to the SGLI policy only; (3) Jerry Rocco's motion for summary judgment as to the BLI policy only; (4) the children's motion for summary judgment on the BLI policy and adopting Patricia Gibbs' position on the SGLI policy; and (5) the estate of John Gibbs' motion for summary judgment, also adopting the children's position on the BLI policy and Patricia Gibbs' position on the SGLI policy.

For the reasons stated on the record at the hearing held on March 1, 2000, the case involving the proceeds of the BLI

policy is bifurcated from the case involving the proceeds to the SGLI policy. And, for the reasons that follow, the parties' motions for summary judgment as to the BLI policy will be denied. The parties' motions for summary judgment as to the SGLI policy will be granted in part and denied in part.

## II. Factual Background

### A. John and Patricia Gibbs

On September 3, 1948, John Gibbs married Patricia Gibbs. Three children were born during the marriage: John Jeffrey Gibbs, David Scott Gibbs, and Thomas Page Gibbs. On January 6, 1977, John Gibbs designated Patricia Gibbs as his primary beneficiary under the SGLI policy.

Patricia Gibbs and John Gibbs divorced in 1979. The divorce decree, entered on November 9, 1979 in Oakland County Circuit Court, provides in relevant part:

### INSURANCE

IT IS FURTHER ORDERED AND ADJUDGED that John R. Gibbs shall provide at least $100,000.00 death indemnity life insurance on his life, and Patricia A. Gibbs shall be maintained as the primary beneficiary with the sons of the parties hereto as second beneficiaries. The requirement for maintenance of life insurance as provided herein upon the life of said John R. Gibbs for the benefit of Patricia A. Gibbs shall terminate on Patricia A. Gibbs' remarriage. Any and all life insurance owned by John R. Gibbs except as provided shall remain his sole and separate property, free and clear of any claim of Patricia A. Gibbs. Further, any and all life insurance now owned or hereafter acquired by Patricia A. Gibbs shall be and remain

her sole and separate property free and clear of any claim of John R. Gibbs. Patricia Gibbs never remarried.

### B. John and Lois Gibbs

On April 16, 1981, John Gibbs married Lois Gibbs. On May 24, 1990, John Gibbs designated Lois Gibbs as the primary beneficiary under both the SGLI and BLI policies, notwithstanding the provision in the divorce decree relating to Patricia Gibbs. On August 18, 1990, John Gibbs designated his children as primary beneficiaries under the BLI policy.[1]

Lois Gibbs and John Gibbs divorced in 1991. The judgment of divorce, entered in Wayne County Circuit Court on May 29, 1991, provides in relevant part:

### STATUTORY INSURANCE PROVISION

IT IS FURTHER ORDERED that any rights of either party in any policy or contract of life, endowment or annuity insurance of the other as beneficiary are hereby extinguished, unless specifically preserved by this Judgment.

### C. John Gibbs and Jerry Rocco

In January 1998, Met Life received an executed Designation of Beneficiary Form dated January 9, 1998, which designated Jerry Rocco, a friend of John Gibbs, as the primary beneficiary of the BLI policy. MetLife thereafter changed the BLI policy to reflect Jerry Rocco as the named beneficiary.

### D. John Gibbs' death

John Gibbs died from cancer on March 4, 1998. During his marriage to Patricia Gibbs, John Gibbs was employed only by General Motors Corporation (GM). John Gibbs was retired from GM during his marriage to Lois Gibbs. The BLI and SGLI policies were the only life insurances policies for John Gibbs. At the time of his

---

1. This fact was made known during the pendency of this action. Lois Gibbs does not now assert any rights to the BLI policy.

death, Lois Gibbs was the designated beneficiary under the SGLI policy and Jerry Rocco was the designated beneficiary under the BLI policy.

E. Patricia Gibbs re-opens divorce case

Days before John Gibbs' death, on February 26, 1998, Patricia Gibbs filed a motion in her 1979 divorce case in Oakland County Circuit Court to obtain an order changing the beneficiaries to comply with the 1979 divorce decree (Oakland County case).

On March 5, 1998, the day after John Gibbs died, Patricia Gibbs filed an ex parte motion for a temporary restraining order (TRO) in the Oakland County case to prevent the distribution of any of John Gibbs' life insurance proceeds, which the state court granted. On April 8, 1998, the state court entered an order continuing the TRO.

F. MetLife files in federal court

Thereafter, MetLife received conflicting claims from Patricia Gibbs, Lois Gibbs and Jerry Rocco. On February 12, 1999, Met Life filed the instant interpleader action and deposited $138,333.07 in to the court, naming Patricia Gibbs, Lois Gibbs, and Jerry Rocco as named defendants. The parties filed cross motions for summary judgment and Patricia Gibbs also filed a motion for joinder of parties, requesting that the children be joined as necessary parties. The Court later entered orders joining the children and the estate as necessary parties under Fed.R.Civ.P. 19.

G. Subsequent events in Patricia Gibbs' Oakland County case

On December 2, 1999, the Oakland County Circuit Court entered a "Qualified Domestic Relations Order" (QDRO #1) which provides in relevant part: [2]

2. During the Oakland County case, the parties learned that the state court had issued a order entitled "Qualified Domestic Relations Order" on October 21, 1987, Patricia Gibbs does not, however, rely on this 1987 order.

3. The attorney for Lois Gibbs approved the order as to its form and does not appear to

Pursuant to the terms of a Judgment of Divorce entered on or about November 9, 1979, Case # 79–190799 DO, as captioned above and the intent of the Plaintiff [John Gibbs] and the Defendant [Patricia Gibbs] with regard to the disposition of the interest of the Plaintiff, John R. Gibbs, in the General Motors Life Insurance Policies . . .

IT IS HEREBY ORDERED AND ADJUDGED as follows:

. . . .

5. The Alternative Payee [Patricia Gibbs] shall be paid by the PLAN any and all post-retirement surviving spouse or death benefits, upon the death of the Participant.

7. The Alternative Payee shall be treated as the Participant's Spouse for, all purposes under the PLAN. As such, in the event of the death of the participant, the Alternate Payee shall be paid any death or survivor benefit which is or may be due to a Participant's surviving spouse or named beneficiary under the PLAN, including but not limited [sic] the Participant's Basic Group Life Insurance, Policy, No. 14000–G and Supplemental Group Life Insurance, Policy, No. 24390–G.

. . . .

12. This Order is *nunc pro tunc*, and effective as of November 9, 1979.

It is further ordered that the Court shall retain jurisdiction regarding enforcement of this order.

Thereafter, Lois Gibbs apparently intervened in the Oakland County case and on February 9, 2000, the Oakland County Circuit Court entered another QDRO order (QDRO #2), which included the following changes (in bold): [3]

have appealed the order. QDRO #2 does not mention QDRO #1 or otherwise indicate the effect QDRO #2 has on QDRO #1. Patricia Gibbs asserts, however, without objection, that the state court set aside QDRO #1 when it granted Lois Gibbs' motion to intervene.

Pursuant to the terms of a Judgment of Divorce entered on or about November 9, 1979, Case # 79–190799 DO, as captioned above and the intent of the Plaintiff [John Gibbs] and the Defendant [Patricia Gibbs] with regard to the disposition of the interest of the Plaintiff, John R. Gibbs, in the General Motors Life Insurance Policies . . .

IT IS HEREBY ORDERED AND ADJUDGED as follows:

. . . .

5. The Alternative Payee [Patricia Gibbs] shall be paid by the PLAN any and all post-retirement surviving spouse or death benefits, as **limited in paragraph 7**, upon the death of the Participant.

7. The Alternative Payee shall be treated as the Participant's Spouse for all purposes under the PLAN. As such, in the event of the death of the participant, the Alternate Payee shall be paid $100,000.00 of death or survivor benefit which is or may be due to a Participants' surviving spouse or named beneficiary under the PLAN, including but not limited [sic] the Participant's Basic Group Life Insurance, Policy, No. 14000–G and Supplemental Groups Life Insurance, Policy, No. 24390–G.

. . . .

12. This Order is *nunc pro tunc,* and effective as of November 9, 1979.

It is further ordered that the Court shall retain jurisdiction regarding enforcement of this order.

### III. Summary judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *In re Dollar Corp.,* 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The Court "must view the evidence in the light most favorable to the non-moving party." *Employers Ins. of Wausau v. Petroleum Specialties, Inc.,* 69 F.3d 98, 101 (6th Cir.1995).

### IV. Analysis

#### A. Background

Both the SGLI and BLI policies are part of the General Motors Life & Disability Program and regulated by the Employment Retirement Income Security Act (ERISA). Both policies provide that if the employee dies while still insured, benefits are to be paid to the beneficiary of record. Both policies are in accordance with section 404(a)(1)(D) of ERISA which requires that a plan administrator discharge his duties "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). The Court of Appeals for the Sixth Circuit has made it clear that this section establishes a clear mandate that plan administrators follow plan documents to determine the designated beneficiary. *McMillan v. Parrott,* 913 F.2d 310, 312 (6th Cir.1990); *see also, Boggs v. Boggs,* 520 U.S. 833, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997) (Congress intended to preempt non-beneficiary nonparticipant interests in ERISA retirement plans). Section 206(d)(1) of ERISA prohibits (with certain enumerated exceptions) the alienation or assignment of benefits provided for by ERISA pension benefit plans. 29 U.S.C. § 1056(d)(1). Meaning, under ERISA, the designated beneficiary is entitled to the proceeds of a policy unless (1) ERISA provides an exception to this rule, or (2) application of a state law

(not preempted) or federal common law compels a different result.

### B. BLI policy

■ Both Jerry Rocco and the children of John Gibbs claim rights to this policy. Jerry Rocco claims entitlement as the designated beneficiary. The children contend that: (1) John Gibbs' signature is forged; (2) Jerry Rocco unduly influenced John Gibbs into removing the children as beneficiaries; and (3) John Gibbs was incompetent at the time of the designation.

The children's claims present genuine issues of material fact that need to be adjudicated by the Court and therefore preclude summary judgment.[4] The Court will issue a scheduling order.

### C. SGLI policy

Both Patricia Gibbs and Lois Gibbs claim rights to this policy.[5] Patricia Gibbs originally claimed a right to the SGLI policy based on her 1979 divorce decree, arguing that it satisfied the requirements of a QDRO and therefore was not preempted by ERISA. Patricia Gibbs now argues that the recently obtained QDRO, QDRO # 2, amends her 1979 divorce decree and entitles her to the proceeds of the SGLI policy. Patricia Gibbs also argues that Lois Gibbs waived any rights to the SGLI policy because of the waiver provision in her 1991 judgment of divorce.

Lois Gibbs argues that the statutory waiver in her judgment of divorce is preempted by ERISA and therefore ineffective. Therefore, as the designated beneficiary, she claims entitlement to the SGLI policy. Lois Gibbs also denies that Patricia has any rights to the SGLI policy.

#### 1. Patricia Gibbs

Patricia Gibbs argues that her 1979 state divorce decree, which provides that John Gibbs must designate Patricia as the beneficiary of at least $100,000.00 of life insurance, overrides the provisions in the policy and ERISA for distribution to the designated beneficiary. Lois Gibbs argues that ERISA's preemptive powers should nullify any effect the state divorce decree has on MetLife's obligation to pay the policy proceeds to her as the designated beneficiary.

ERISA defines "State law" subject to preemption to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(a). Although this language apparently would include claims based on divorce decrees issued by state courts, subsection (b)(7) explains the preemption clause "shall not apply to qualified domestic relations orders [QDROs] (within the meaning of section 1056(d)(3)(B)(i) of this title)." 29 U.S.C. § 1144(b)(7). Under section 1056(d), a court order relating to spousal property rights is a QDRO if it "creates or recognizes the existence of an alternate payee's right to . . . receive all or a portion of the benefits payable" under a plan. 29 U.S.C. § 1056(d)(3)(B)(i)(I).

Both parties briefed the issue of the preemptive scope of Patricia Gibbs' divorce decree before the Oakland County Circuit Court entered the QDRO orders. As such, their arguments focused solely on the original 1979 divorce decree, and to that extent, are no longer relevant. In light of the recent events in the Oakland County case, the Court will not address the issue of whether Patricia's divorce decree, as originally entered in 1979,

---

4. The children must be allowed to bring these claims regarding the designation of Jerry Rocco as the beneficiary. As the Court explained during the hearing, if John Gibbs's signature was forged or otherwise the product of undue influence, the designation is a nullity. The parties agreed.

5. Jerry Rocco also claims a right to this policy, arguing that John Gibbs meant to designate him as the beneficiary but failed to select the SGLI policy at the time he designated him beneficiary of the BLI policy. Jerry Rocco offers no evidence or legal support for his argument, and therefore fails to create a genuine issue of material fact as to his entitlement to the SGLI policy.

preempts ERISA. Rather, the Court will examine the most recent QDRO, QDRO# 2, to determine whether it satisfies the statutory requirements of a QDRO.[6]

■ A state divorce decree that meets the qualifications of a QDRO is not preempted by ERISA and therefore overrides a properly designated beneficiary. *See Metropolitan Life Insurance Co. v. Wheaton,* 42 F.3d 1080, 1083 (7th Cir. 1994). Section 1056(d)(3) sets forth ERISA's specific requirements for a QDRO as follows:

(B)(ii) the term "domestic relations order" means any judgment, decree, or order (including approval of a property settlement agreement) which—

(I) relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child or other dependent of a participant, and

(II) is made pursuant to a State domestic relations law (including a community property law).

(C) A domestic relations order meets the requirements of this subparagraph only if such order clearly specifies—

(i) the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order,

(ii) the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined.

(iii) the number of payments or period to which such order applies, and

(iv) each plan to which such order applies.

29 U.S.C. § 1056(d)(3).

■ The Court has reviewed QDRO # 2 and finds that it satisfies all of the statutory requirements. Notably, QDRO # 2 provides an exact sum ($100,000.00) as "the amount and percentage of the participant's benefits" in addition to setting forth the relevant mailing addresses and naming the plans to which the order applies. Therefore, QDRO # 2 preempts ERISA only to the extent that it entitles Patricia Gibbs to $100,000.00 of life insurance proceeds from the SGLI policy.

### 2. Lois Gibbs

■ After disbursing Patricia Gibbs' share, a balance of approximately $2000.00 plus interest remains on the SGLI policy. Because Patricia Gibbs and Lois Gibbs filed their motions before the state court entered the controlling QDRO, the question of what to do the remaining proceeds, if any, has not been addressed by either party. However, Lois Gibbs' arguments as to her entitlement to the entire SGLI policy are applicable. Lois Gibbs relies on *Metropolitan Life Ins. Co. v. Pressley,* 82 F.3d 126 (6th Cir.1996), *cert. denied,* 520 U.S. 1263, 117 S.Ct. 2431, 138 L.Ed.2d 193 (1997), in arguing that the waiver in her judgment of divorce was invalid against ERISA.

In *Pressley,* the Sixth Circuit held that Michigan's statutory provision under M.C.L. § 5552.101[7] was preempted by ERISA. The *Pressley* divorce decree contained the same statutory waiver provision found in John and Lois Gibbs' judgment of divorce.[8] As in this case, the insured's

---

6. Although the state court retained jurisdiction to enforce the QDROs, the state and federal courts have concurrent jurisdiction regarding the interpretation of QDROs. *See Board of Trustees v. Levingston,* 816 F.Supp. 1496, 1501 (N.D.Cal.1993).

7. M.C.L.A. § 552.101(c) requires that "[e]ach judgment of divorce or judgment of separate maintenance shall determine all rights of the wife in and to the proceeds of any policy or

contract of life insurance, endowment, or annuity upon the life of the husband in which the wife was named or designated as beneficiary."

8. The provision in *Pressely* provided: IT IS FURTHER ORDERED that any rights of either party in any policy or contract of life, endowment or annuity insurance of the other as beneficiary are hereby extinguished, unless specifically preserved by this Judgment.

former wife in *Pressley* was still the designated beneficiary under the insured's life insurance policy at the time of the insured's death. The Sixth Circuit, relying on a prior decision of *McMillan v. Parrott,* 913 F.2d 310, 311 (6th Cir.1990), held that the former wife did not waive her interest as a designated beneficiary "by reason of a broad waiver of rights in the couple's divorce decree." 82 F.3d. at 130. The Sixth Circuit also noted that divorce decree in *Pressley* did not satisfy the requirements of a QDRO which would be "expressly exempt from ERISA preemption." *Id.* at 128.

Under *Pressley* and *McMillan,* Lois Gibbs did not waive her rights to the SGLI policy in the judgment of divorce. However, as indicated above, Lois Gibbs' rights are limited by Patricia Gibbs' rights. Accordingly, Lois Gibbs is entitled to the balance of the SGLI proceeds, $2,000 plus interest.

### V. Conclusion

The case involving the proceeds of the BLI policy is bifurcated from the case involving the proceeds of the SGLI policy.

Jerry Rocco's and the children's motions for summary judgment are DENIED.

Patricia Gibbs' motion for partial summary judgment is GRANTED IN PART and Patricia Gibbs is awarded $100,000.00 from the SGLI policy.

Lois Gibbs' motion for summary judgment is GRANTED IN PART and Lois Gibbs is awarded the balance of the proceeds in the SGLI policy, $2,000.00 plus interest.

The estate's motion for summary judgment is GRANTED IN PART to the extent that it adopts Patricia Gibbs' position and DENIED to the extent that it adopts the children's position.

SO ORDERED.