**In re Flora SCALES, Dabney Scales, Petitioner,**

v.

**GENERAL MOTORS CORPORATION PENSION ADMINISTRATOR, Respondent.**

**No. 03–71975.**

United States District Court, E.D. Michigan, Southern Division.

July 31, 2003.

Arlene F. Woods, Burkett & Woods, Detroit, MI, for petitioner.

David M. Davis, Hardy, Lewis, Birmingham, MI, for respondent.

## *ORDER OF REMAND*

COHN, District Judge.

### I.   Introduction

This is a case which was removed from Wayne County Circuit Court by Respondent, General Motors Corporation Pension Administrator (the GM Pension Administrator) on the purported basis of federal question jurisdiction.  Upon receiving the removal papers, the Court issued an order to show case as to why the case should not be remanded as improvidently removed. *See* Order to Show Cause, filed May 29, 2003.  GM filed a response and Flora Scales filed a counter-response.[1] For the

---

**1.** Dabney Scales does not appear to have counsel and did not file any papers in this matter.

reasons that follow, this matter is RE-MANDED to the Wayne County Circuit Court.

## II. Background

Flora Scales and Dabney Scales were divorced in 1999. The judgment of divorce, entered March 4, 1999 in Wayne County Circuit Court, provides that Flora[2] is to receive 50% of Dabney's pension benefits when she reaches age 60 or prior to age 60 in the event she is no longer able to work due to a medical disability. Flora suffered a stroke in January of 2001, prior to age 60, which left her unable to work. Flora then apparently petitioned the Wayne County Circuit Court to allow her to receive her 50% share of Dabney's pension benefits at that time. On November 30, 2001, the Wayne County Circuit Court issued an "Order Granting Motion to Modify Judgment of Divorce" which allowed Flora to receive her 50% share retroactive to October 24, 2001[3] due to Flora's medical disability. The order was entered in Flora and Dabney's divorce case, *Scales v. Scales*, No. 98–814758 (Wayne County Circuit Ct.).

Flora sent the November 30, 2001 order to the GM Pension Administrator, who said that the order would be reviewed to determine if it is a qualified domestic rela-tions order (QDRO)[4] for purposes of ERISA.

Apparently the GM Pension Administrator determined that the order was not a QDRO because on October 25, 2002, the Wayne County Circuit Court entered an "Amended Qualified Domestic Relations Order for Hourly Employees" in Flora and Dabney's divorce case stating in part that "[t]his Order is intended to meet the requirements of a [QDRO] as defined in Section 206(d) of the Employee Retirement Income Security Act of 1974 ... and shall be modified as necessary to meet such requirements."

It appears that the GM Pension Administrator has failed to pay Flora benefits on the grounds that the Wayne County Circuit Court orders regarding payment of pension benefits to Flora do not comply with ERISA, *i.e.* the GM Pension Administrator believes that the orders are not QDROs. Accordingly, Flora returned to Wayne County Circuit Court and filed a motion in her divorce case for an order to show cause why "Dabney Scales and/or the GM Pension Administrator" should not be held in contempt for not complying with the Wayne County Circuit Court's orders.

On April 23, 2003, the Wayne County Circuit Court issued an Order to Show Case requiring Dabney Scales and/or the

---

**2.** For convenience, the Court refers to Flora and Dabney Scales by their first names.

**3.** Although Flora apparently requested benefits retroactive to January 2001 the Wayne County Circuit Court determined that benefits would be retroactive to October 24, 2001, the date Flora petitioned for modification.

**4.** In 1984, Congress amended ERISA through passage of the Retirement Equity Act (REA) of 1984, Pub.L. No. 98–397, 98 Stat. 1426, in an effort to guarantee that private retirement-income systems would provide fair treatment for women. *See Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 838, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). A QDRO is any judgment, decree, or order made pursuant to a state domestic relations law (including community property law) which (1) "creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan," and (2) "relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant." 29 U.S.C. § 1056(d)(3)(B). In order to qualify as a QDRO, a domestic relations order must meet certain prescribed standards. *See id.* § 1056(d)(3).

GM Pension Administrator to show cause why it should not be held in contempt for failing to pay benefits as previously ordered. A hearing was apparently set for May 2, 2003. According to Flora, her counsel appeared for the hearing. Dabney also appeared with counsel for the hearing. Counsel for the GM Pension Administrator did not. The Wayne County Circuit Court adjourned the hearing until June 6, 2003 and directed Dabney to provide documentation that he had completed all necessary forms to allow Flora to receive his pension benefits.

On May 21, 2003, the GM Pension Administrator removed the case to federal court on the grounds that Flora's motion for an order to show cause in her divorce case is a "claim" within the meaning of section 502(a)(1)(b) of ERISA, 29 U.S.C. § 1132(a)(1)(B)[5] and therefore this case presents a federal question removable under 28 U.S.C. § 1441(a).

Even though the GM Pension Administrator removed the case, Flora and her counsel appeared for the June 6, 2003 hearing in Wayne County Circuit Court. Neither Dabney nor the GM Pension Administrator appeared for the hearing. Counsel for Flora counsel presented an order awarding attorney fees and costs at the hearing, which apparently remains pending before the Wayne County Circuit Court.

## III. Analysis

### A.

■ As noted in the Order to Show Case, this case raises serious jurisdictional concerns. First, the Wayne County Circuit Court action which the GM Pension Administrator removed, and from which the order to show cause issued, is a divorce action. Federal courts have no jurisdiction in divorce actions. See *Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); *McLaughlin v. Cotner,* 193 F.3d 410, 412 (6th Cir.1999). Additionally, to the extent that the GM Pension Administrator is using ERISA as a defense in the Wayne County Circuit Court action, removal is questionable. See *Warner v. Ford Motor Co.,* 46 F.3d 531, 535 (6th Cir.1995).

### B.

### 1.

■ In support of removal, the GM Pension Administrator first relies on the case of *Garrett, v. General Motors Corporation,* No. 99–72048 (E.D.Mich. Aug. 19, 1999) (unpublished) where a judge in this district denied a motion to remand in apparent similar circumstances.[6] The Court said that the action was a superceding ERISA action under section 1132(a)(1)(B) and that "the right of removal under 28 U.S.C. § 1441 is not defeated by a grant of concurrent jurisdiction." While removal may be had where the state and federal

---

**5.** 29 U.S.C. § 1132(a)(1)(B) provides:

(a) Persons empowered to bring a civil action
A civil action may be brought—
(1) by a participant or beneficiary—
. . .
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . .

**6.** Mary Ann Garrett filed a motion in the Wayne County Circuit Court for an order to show cause against General Motors Corporation claiming that GM had wrongfully failed to honor a QDRO. The Wayne County Circuit Court issued an order to show cause against GM. GM removed the case on the grounds that the motion for an order to show cause was a claim under § 1132(a)(1)(B). Garrett filed a motion to remand on the grounds that the state courts had concurrent jurisdiction.

courts have concurrent jurisdiction, and the state and federal courts have concurrent jurisdiction over § 1132(a)(1)(B) claims, see 29 U.S.C. § 1132(e), the Court disagrees with *Garrett* and finds that removal is not proper under the circumstances.

2.

■ Although at first blush it may appear that Flora is seeking benefits under § 1132(a)(1)(B) because she petitioned Wayne County Circuit Court for an order to show cause directing payment of her 50% share of Dabney's pension benefits, she did not actually file a claim against the GM Pension Administrator. Rather, Flora filed a motion in her divorce case for an order compelling payment of pension benefits she claims she is entitled to receive by virtue of the orders entered in Wayne County Circuit Court. The proceedings related the motion do not constitute a "civil action" as required by 28 U.S.C. § 1441(a). Section 1441(a) provides that a defendant may remove "any civil action" over which the district court had original jurisdiction. As one judge in this district has stated:

> [t]he term "civil action" under § 1441 does not embrace proceedings that are merely supplemental, ancillary, or incidental to another action, and such proceedings are not removable to federal court.

*Truong ex rel Truong v. Grand Trunk W. R.R. Co.*, 882 F.Supp. 107 (E.D.Mich.1995). Also persuasive is *McCane v. McCane*, 47 F.Supp.2d 848, 850 (E.D.Mich.1999), where the court held that a motion to enforce an amended judgment of divorce filed in state court, which a party opposing the motion removed based on ERISA preemption, was not a civil action within the meaning of § 1441. The court explained:

> [T]he motion to enforce the amended judgment of divorce [which purported to extinguish an ex-spouse's right to pen-

sion benefits] is clearly a proceeding that is merely supplemental to the original divorce action. Defendant's motion seeks no additional relief other than enforcement of the existing judgment. Under those circumstances, the motion to enforce the amended judgment of divorce does not qualify as a separate "civil action" that would be removable pursuant to § 1441(a).

The same is true here. Flora's motion for an order to show cause is supplemental to her divorce action. She is seeking no additional relief than that which she claims entitlement as a result of the judgment of divorce. Her motion is simply not a civil action under § 1441(a).

C.

The cases the GM Pension Administrator relies are either unpersuasive or inapposite. In *Samaroo v. Samaroo*, 743 F.Supp. 309 (D.N.J.1999), an ex-wife filed a motion to amend her judgment of divorce in her divorce case in order obtain a QDRO. She joined the pension administrator of her ex-husband's plan as a defendant. The court found the fact that the plaintiff joined the pension administrator as a defendant "transformed" part of the action into a removable action under § 1132(a)(1)(B).

Here, although Flora's motion for an order to show case was directed both at the GM Pension Administrator and Dabney, she did not join the GM Pension Administrator as a defendant. Moreover, the court in *Samaroo* did not consider whether a motion filed in a state court case was indeed a "civil action."

In *Berlet v. Berlet*, 1999 WL 47107 (S.D.N.Y.1999) (unpublished), an ex-husband moved for an order to show cause in state court to enforce the terms of a judgment of divorce and direct payment of the proceeds of his pension benefit. The ex-

wife removed the case on the grounds of ERISA. The validity of a QDRO was not at issue. Rather, the ex-wife was the trustee of the pension plan which was administered by a company once owned by both parties. The court was also careful to state that removal was proper because of the "peculiar facts with respect to the relationship of the parties."

In *LeTourneau v. General Motors Corporation,* 24 Fed.Appx. 332 (6th Cir.2001)(unpublished), a personal representative for a deceased employee's estate sued the employer and the deceased employee's ex-spouse in state court after the employer paid certain funds to the ex-spouse. The personal representative claimed breach of contract, unjust enrichment, fraud and negligence. The personal representative moved to remand on the grounds that the dispute involves a QDRO, which is a matter for the state courts and is not preempted. The Court of Appeals for the Sixth Circuit said that a QDRO was not involved and that the personal representative's state law claims were really ERISA claims and therefore removal was proper.

Here, on the other hand, a QDRO is involved and Flora did not file a separate action against the GM Pension Administrator, she simply filed a motion in her divorce action. Flora also has not asserted any state law claims against the GM Pension Administrator.

Finally, in *Rouse v. DaimlerChrysler UAW Non–Contributory Plan,* 300 F.3d 711 (6th Cir.2002), the plaintiff, an ex-spouse of a deceased pension plan participant, petitioned the Macomb County Circuit Court to modify her divorce settlement and obtain a QDRO. The Plan removed the case to federal court on the basis of ERISA and contested the QDRO's validity on the grounds it was issued pursuant to a sham hearing. The district court dismissed the case on the grounds that it presented an issue for the state courts, *i.e.* whether or not the hearing was a sham. The plaintiff later filed a motion to show cause in state court to require the Plan to pay her benefits. The Plan again removed. The district court held, *inter alia,* that the validity of the QDRO should be decided in state court. The court of appeals reversed on the grounds that the district court improperly abstained from ruling because the validity of the QDRO could be decided in federal court. In a footnote, the court of appeals commented on federal jurisdiction, stating that "it is clear that the district court had jurisdiction pursuant to § 1331, we will not discuss the issue." 300 F.3d at 714 n. 1.

Although *Rouse* allowed removal under similar circumstances, its statement regarding jurisdiction was dicta and unaccompanied by any analysis. Importantly, the court of appeals did not consider whether a motion filed in a divorce action in state court is a "civil action" within the meaning of § 1441. Thus, the Court finds that *Rouse* is not controlling.

### D.

■ Despite the GM Pension Administrator's attempt to recast this matter as a case under § 1132(a)(1)(B), what is really involved here is whether Flora has obtained a QDRO in her divorce case. The GM Pension Administrator has declined to pay Flora benefits because it does not believe that the orders entered in Wayne County Circuit Court are QDROs. The state courts have concurrent jurisdiction regarding the interpretation of QDROs, *see Metropolitan Life Ins. Co. v. Gibbs,* 89 F.Supp.2d 877, 883 n. 6 (E.D.Mich.2000) (citing *Board of Trustees v. Levingston,* 816 F.Supp. 1496, 1501 (N.D.Cal.1993)) and are fully competent to adjudicate whether their own orders are QDROs.

*See Roth v. Roth,* 201 Mich.App. 563, 506 N.W.2d 900 (1993).

Adopting the GM Pension Administrator's position would create the situation that whenever an individual seeks enforcement of a QDRO in a divorce action, the case becomes removable. This would result in the federal courts becoming involved in numerous divorce actions, which surely cannot be what Congress intended. Indeed, finding the case not removable does not run afoul of ERISA's stated purpose of providing for uniform national interpretation and administration of pension plans. *See* 29 U.S.C. § 1001. *See also Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 9–11, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987) (emphasizing that ERISA plans should not be subjected to a patchwork of obligations imposed by differing state laws). State courts adjudicating whether a particular domestic relations order is qualified will still have to apply the statutory criteria set forth in 29 U.S.C. § 1056 and therefore will not be subjecting ERISA plans to the vagaries of state law.

### E.

■ Moreover, it is also significant that Congress has expressly exempted QDROs from the normally expansive preemptive effect of ERISA. 29 U.S.C. § 1144(b)(7) provides:

> Subsection (a) of this section [ERISA's preemption provision] shall not apply to qualified domestic relations orders (within the meaning of section 1056(d)(3)(B)(i) of this title)

This section clearly saves QDROs from ERISA preemption. *Metropolitan Life Ins. Co. v. Marsh,* 119 F.3d 415, 421 (6th Cir.1997). That Congress exempted QDROs from ERISA preemption indicates a preference that such disputes be litigat-

ed in state court, even though the federal courts have concurrent jurisdiction over such a dispute. *See Anonymous v. Anonymous,* 27 Employ. Benefits Cas. 1293 (S.D.N.Y.2001).

### F.

■ Also important is the fact that ERISA is really being used as a defense in state court. The parties in the cases cited by the GM Pension Administrator were able to remove the cases to federal court by arguing that by state court filings were really claims under § 1132(a)(1)(B). Here, however, although Flora is seeking to assert her right to her share of Dabney's pension benefits—her entitlement is based on a state court order. It is the GM Pension Administrator who is actually invoking ERISA as a defense on the grounds that the Wayne County Circuit Court orders directing payment to Flora do not meet the requirements of a QDRO.[7] Using ERISA as a defense does not make a case removable. *See Warner, supra.*

### IV. Conclusion

Flora's motion for an order to show cause filed in Wayne County Circuit Court in her divorce action is not a "civil action" that can be removed to federal court. Thus, the Court lacks jurisdiction over this matter.

SO ORDERED.

---

7. Presumably, because the state courts have jurisdiction to issue QDROs, the GM Pension Administrator can assert any objections to the payment of benefits to Flora in Wayne County Circuit Court as a consequence of a defect in the QDRO in question.